### BISHOP v. BUNCH.

[No. 19,801. Filed December 23, 1964. Rehearing denied March 17, 1965. Transfer denied September 13, 1965.]

Seal & Seal, of Washington, Dean & Auberry, of Indianapolis, for appellant.

*Hastings & Allen,* of Washington, *Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellee.

RYAN, J.—This is an appeal from the granting of a motion for a new trial. The trial judge has stated his reasons for granting the new trial, and we fail to find any reversible error.

Affirmed.

Carson and Cooper, JJ., concur.

Faulconer, C. J., concurs with opinion.

### CONCURRING OPINION.

FAULCONER, C. J.—Appellee brought an action for damages against appellant as the result of a collision between a car in which appellee was riding which was driven by her husband and a car driven by appellant who filed a counterclaim against appellee charging negligence on the part of her husband which negligence was imputed to appellee. The issues were closed; trial by jury resulted in a verdict for appellant on his counterclaim in the amount of $40,000. Judgment was duly entered. Appellee's motion for new trial was sustained. Pursuant to Acts 1959, ch. 25, §1, p. 75, §2-3201, Burns' 1963 Cum. Supp., this appeal followed.

The trial judge stated his reasons for granting the motion for new trial pursuant to *Rife etc.* v. *Karns* (1962), 133 Ind. App. 226, 181 N. E. 2d 239, and *Newsom* v. *Pennsylvania Railroad Co. et al.* (1962), 133 Ind. App. 582, 181 N. E. 2d 240. One of the reasons stated was,

"Ground Number 2. That the verdict of the jury is not sustained by sufficient evidence. The verdict returned by the jury is not sustained by sufficient evidence because said verdict is against the clear preponderance of all the evidence in the case.

"To authorize a reversal of an order granting a new trial, three things must be shown: 1. That there was a plain abuse of judicial discretion. 2. That flagrant injustice has been done the complaining party. 3. A very strong case for relief."

4. Works' Indiana Practice, Lowe's Revision, §61.140, p. 120.

"The enactment of Chapter 25 of the Act of 1959, being Burns' §2-3201(b), (1946 Replacement) [1963 Cum. Supp.] gives a dissatisfied litigant the right of an immediate appeal upon the granting of a motion for new trial.

"But this statute does not purport to change these well established principles of law that guide this Court in reviewing orders granting new trials, whether this review takes place immediately or after the second trial." *Newsom* v. *Pennsylvania Railroad Co., et al.* (1962), 134 Ind. App. 120, 124, 186 N. E. 2d 699.

The trial court and not the reviewing court has the duty to weigh the evidence to see if the verdict of the jury is against the clear preponderance of all of the evidence.

An examination of the record in this cause fails to establish that the trial court abused its discretion in granting the motion for new trial on such ground. Inasmuch as the appellant has failed to convince us otherwise, it is unnecessary for this court to discuss the other reasons given by the trial judge for having granted the motion for new trial.

NOTE.—Reported in 202 N. E. 2d 894.