Filed Jan. 15, 1891.

---

No. 14,629.

## GLOVER ET AL. *v.* STEVENSON ET AL.

SUPREME COURT.—*Conflicting Evidence.— Verdict will not be Disturbed.*—The Supreme Court will not disturb a verdict on the ground that it is not sustained by sufficient evidence, if there is a conflict in the evidence.

EVIDENCE.—*Part of a Writing Offered in Evidence.--Entire Writing may be Read.* —Where a part of a letter was read in evidence, over the objection of the defendants, the plaintiff can not complain if the defendants should

insist that as a part of the letter had gone to the jury it should all go in evidence, and after such insistence the entire letter was offered and read to the jury.

From the Gibson Circuit Court.

*J. B. Handy, C. W. Armstrong, J. B. Cockrum, W. A. Land* and *J. B. Gamble,* for appellants.

*J. E. McCullough* and *J. H. Miller,* for appellees.

McBride, J.—The only error assigned is that the court below erred in overruling appellant's motion for a new trial.

Several reasons were assigned for a new trial, but only three are argued :

" 1. That the verdict is not sustained by sufficient evidence, and is contrary to law.

" 2. That the court erred in allowing the defendants to read in evidence a part of a certain letter.

" 3. That the court erred in refusing to allow plaintiffs to read in evidence a certain mortgage."

The evidence is in the record, and we have read it with care. There was serious controversy on but one question of fact. Upon this question two witnesses for the plaintiffs testify to one state of facts, and two in behalf of defendants testify in direct opposition to them. It is a case where the burden, as to this fact, was upon the defendants, who are the appellees here. The circumstances surrounding the transaction seem to strongly corroborate the testimony of plaintiff's witnesses, and if we were to decide the case upon what appears to us to be the weight of the evidence, we would be compelled to decide, unhesitatingly, in favor of the appellants. Under the well settled rule of this court, however, we can not, for this reason, reverse the case. Such questions must be met and settled by the *nisi prius* courts, for whose guidance this court has laid down the following salutary rule : " It must clearly appear that substantial justice has been done by the verdict, or a new trial should be granted." *Christy* v. *Holmes,* 57 Ind. 314. This rule ap-

plies with special force where the ground of the motion is that the verdict is not sustained by sufficient evidence, as in such cases, if there is a conflict in the evidence, this court can afford no relief.

Appellants insist that the trial court erred in admitting in evidence a part of a certain letter written by plaintiffs to their agent. A part of this letter had already been offered in evidence and, over the objection of appellees, admitted on the statement of appellants' counsel, afterwards proven, that it was read to the appellees pending negotiations which resulted in the execution of the note in suit.

Appellees then insisted that as a part of the letter had gone to the jury it should all go in evidence, and offered the entire letter. It was read to the jury, over appellants' objection. There was no error in this.

Appellants also complain because the court excluded certain mortgages given by defendants Stevenson and Richardson to their co-defendant McGowan, and which appellants offered in evidence. The suit was to collect a note given by appelees Stevenson and Richardson as principals, with McGowan as their surety, to appellants.

The suretyship of McGowan was not questioned. The note in question was executed November 26th, 1887. McGowan claimed that when he signed the note as surety he did it upon the express condition that certain tobacco, then held by appellants as partial security for the debt, should remain stored in appellants' warehouse until the maturity of the note, and that if Stevenson and Richardson then failed to pay the note the tobacco should be sold and the proceeds of such sale applied in payment of the note as far as they would go, and that appellants accepted said note with full knowledge of such condition and subject to said agreement. This was the sole controversy in the case. The mortgages in question were not given until February 5th, 1887, more than two months after the execution of the note, and we can not see that these mortgages could have thrown

any light upon this controversy. However, if they would, an examination of the record shows that appellants had the full benefit of all that would have been shown by them if in evidence.

McGowan testified as a witness, and, on cross-examination, testified fully with relation to these mortgages, admitting the fact of their execution, their amounts and when and for what purpose they were given.

We find no error which will justify us in reversing this judgment.

Judgment affirmed, with costs.

Filed Jan. 16, 1891.