INDIANAPOLIS AND CINCINNATI TRACTION COMPANY
v. HARRELL ET AL.

[No. 24,124. Filed March 30, 1922. Rehearing denied June 2, 1922.]

1. APPEAL.—*Review.*—*Ruling on Motion for New Trial.*—*Presumptions.*—*Performance of Duty by Trial Judge.*—In reviewing the ruling of the trial judge on a motion for new trial for insufficient evidence, it must be assumed on appeal that he performed his duty in making his ruling by giving due consideration to all facts and circumstances properly touching upon the sufficiency of the evidence. p. 189.

2. TRIAL.—*Instructions.*—*Rights in Street of Automobile Driver and Street Car.*—In an action for damage to plaintiffs' automobile in collision with an interurban car on a street crossing, an instruction informing the jury that the driver of an automobile on a public street, and defendant traction company in the operation of its cars, owed a duty to use due care, considering the circumstances and instrumentalities which each was employing, *held*, when considered with the charge as a whole, not objectionable as telling the jury that the driver had an equal right upon the tracks at a point where they crossed the street. p. 191.

From Shelby Circuit Court; *Alonzo Blair*, Judge.

Action by William H. Harrell and others against the Indianapolis and Cincinnati Traction Company. From a judgment for plaintiffs, the defendant appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*Joseph R. Morgan* and *Ed. K. Adams,* for appellant.

*Hall, Williams & Pell* and *Elmer Bassett,* for appellees.

TOWNSEND, J.—Appellees' automobile was being driven south on the main business street in the village of Fairland. It was struck by appellant's interurban car which came from the northwest. Appellant is charged with negligent speed over the street crossing and failure to sound whistle for the crossing. Verdict and judgment for $800 damages to appellees' automobile.

Questions presented: (1) Verdict not sustained by sufficient evidence. (2) Error in giving and refusing instructions. (3) Excessive damages.

A number of witnesses testified to facts and circumstances which tend strongly to show that the driver of this automobile was guilty of contributory negligence. As he approached this crossing from the north, his view of the interurban track was cut off by buildings and objects on the west side of the street, and on the northwest corner of the crossing. He said that he looked and listened for cars after he passed these obstructions, but that he neither saw nor heard the car until the instant it collided with the automobile.

The jury and the trial court are better able to judge the value of testimony. They of necessity have a better opportunity to weigh the evidence of each witness. They not only know the circumstances of each witness' point of view, but they also can judge his character, interest, lack of interest, fairness,

frankness, etc.  It may seem to this court that a different inference should have been drawn from testimony as we find it in a record; but if we should undertake to set our judgment on this subject against that of the jury and the trial court, there would be no end to the mistakes that we should make.  Why have a jury and a trial court, if we are going to pass on the evidence in cold type?  A witness testifies to certain facts and circumstances.  Five other witnesses testify to facts and circumstances which indicate that the one witness is mistaken, or is coloring his testimony because of interest.  Twelve ordinary men say that this one witness, under the circumstances, is telling the truth that establishes his case.  When the trial judge passes upon the motion for a new trial, it is his duty to sustain the motion, if the jury could not reasonably have drawn the inference which it did.  The trial judge saw the witnesses and heard them testify.  It is his duty to hear the case along with the jury.  He too has an opportunity to see and know the jury.  If, in passing on a motion for a new trial, he takes all of these things into consideration and acts accordingly, he will have performed his duty.  We must assume that he has done so.  A trial court is not a mere umpire to confine the evidence to the issue and instruct the jury on the law of the case.  It is his duty to keep his eyes and ears open to what is going on during the trial, so that when he is confronted with a motion for a new trial, he may be able to pass upon the question of the sufficiency of the evidence, as well as the purely legal questions.  The sufficiency of the evidence to the trial court is a mixed question of law and fact.  When he passes upon this question, if he can say that the jury should not have found as they did, that they could not reasonably have found as they did, he should sustain the motion for a new trial.  He may know that the particular jury is grossly igno-

rant and stupid, or that it is bright and capable. He may know that it is inclined to take somebody's money just because an accident has occurred and there has been an injury to person or property. He is there to protect the litigant against just such contingencies. This same jury is, to us, twelve typewritten names. To us "Smith," typewritten, looks just as fair, honest and intelligent as "Jones."

Thus it will be seen that there are many things which a trial court takes into consideration which makes his duty, in passing on the sufficiency of the evidence, entirely different from our duty on that subject as a court of review. If we each perform our duty, substantial justice will result as nearly as human agencies are capable of accomplishing it under the present method of trying and reviewing cases.

The respective duties of trial courts and courts of review have been many times discussed in the decisions. *Indiana Steel, etc., Co.* v. *Studes* (1918), 187 Ind. 469, 476, 477, 119 N. E. 2; *Christy* v. *Holmes* (1877), 57 Ind. 314; *Fort Wayne, etc., R. Co.* v. *Husselman* (1878), 65 Ind. 73; *Deal* v. *State* (1895), 140 Ind. 354, 39 N. E. 930; *Mt. Adams, etc., R. Co.* v. *Lowery* (1896), 74 Fed. 463, 477, 20 C. C. A. 596, 609.

So far as we are concerned, the verdict in the present case is sustained by sufficient evidence.

Appellant claims that by one instruction the court told the jury that appellant's and appellees' rights upon the street were equal. We do not think that the instruction is open to the interpretation placed upon it by appellant, or that it was so understood by the jury. In the instruction complained of, the court conveyed the impression to the jury that the driver of the automobile on the street, and the appellant company in the operation of its cars, owed a duty each to the other to use care, considering the circumstances and the

instrumentalities which each was employing. But appellant's counsel insist that by this instruction the jury were given to understand that the driver of the automobile had an equal right upon the tracks of appellant company at a point where it crossed this street. But an examination of the instructions of the court, as a whole, shows that the court had no such conception of the law and gave no instruction that conveyed any such impression to the jury; but, on the contrary, expressly told the jury that it was the business of the driver of the automobile to stay off the track of appellant company if he knew that their interurban car was coming.

We have read and examined all the instructions given by the court to the jury and think that they fairly state the law applicable to the facts in this case.

It is next claimed that the damages are excessive. The automobile injured was new and there is no dispute about its value being $1,050 before it was injured. The conflict in the evidence comes as to the value of the automobile after the injury. One witness says that it was worth $350, and another witness puts it as low as $150. The jury's verdict is for $800. Counsel for the appellant say that the only credible evidence shows that it cost $350 to repair the car, and that it was worth $650 after it was repaired. Here counsel are again calling upon us to settle a dispute among witnesses which the jury and the trial court have settled conclusively, so far as we are concerned.

Judgment of the trial court affirmed.

Myers, J., not participating.