## CHICAGO AND ERIE RAILROAD COMPANY v. RANS.

[No. 12,641. Filed January 27, 1927. Rehearing denied April 27, 1927. Transfer denied June 17, 1927.]

1. NEW TRIAL.—*Trial court, in passing on motion for new trial because of newly-discovered evidence, must determine the probability that such evidence will cause a different result.*—It is the duty of a trial court, in passing on a motion for a new trial on the ground of newly-discovered evidence, to consider such evidence in connection with the evidence introduced at the trial and to determine therefrom whether there would be a different result if a new trial is granted. p. 303.

2. APPEAL.—*Assumption that trial court properly considered newly-discovered evidence in ruling on motion for new trial.*— An appellate tribunal must assume that trial court, in passing on a motion for a new trial because of newly-discovered evidence, properly considered such evidence in connection with the evidence introduced at the trial. p. 303.

3. NEW TRIAL.—*Motion for new trial because of newly-discovered evidence properly overruled, the proposed evidence being cumulative.*—Defendant's motion for a new trial in an action for personal injuries, based on the fact that, since the trial, defendant had discovered that plaintiff had applied for a position as a rural mail carrier and that the federal civil service commission had found him physically qualified for the position was properly overruled, the proposed evidence being cumulative. p. 303.

4. DAMAGES.—An appellate tribunal will not reverse a verdict for excessive damages unless convinced that the verdict was the result of bias, prejudice or other improper motive. p. 303.

From Kosciusko Circuit Court; *Lemuel W. Royse,* Judge.

Action by Delbert Rans against the Chicago and Erie Railroad Company. From a judgment for the plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Follansbee, Shorey & Schupp, John E. Gavin* and *Holman, Bernetha & Miller,* for appellant.

*C. C. Campbell* and *Arthur Metzler,* for appellee.

THOMPSON, P. J.—Appellee brought this action to recover damages on account of alleged injuries which he

sustained at a crossing of appellant's railroad, on a highway crossing near North Judson in Starke county, on July 5, 1923.

The suit was begun in the Fulton Circuit Court, and, on application, the venue was changed to Kosciusko county and the trial there held.

In his complaint appellee alleged, in substance, that he and his brother were traveling on said highway in an auto truck, in an easterly direction and approaching said crossing in a careful manner; that plaintiff's brother, Ezra Rans, was driving said truck, and just as they reached said crossing, the defendant caused one of its locomotives and a train of cars to approach and pass rapidly over said crossing, running in a south-easterly direction at a high and dangerous rate of speed, to wit, sixty miles an hour, without giving the statutory signals required; that appellee suffered injuries which are permanent and incurred expense for doctor bills, nurse hire and hospital treatment, and that he still suffers and his injuries are permanent; that his occupation was that of farming, and that he has been disabled to follow said occupation; that said injuries were caused solely by the negligence of the defendant and he demanded damages in the sum of $10,000. Appellant answered by a general denial. There was a trial by jury and a verdict for appellee in the sum of $2,000. Appellant filed a motion for a new trial, which was overruled, and judgment was rendered on the verdict.

The error assigned is the action of the court in overruling the motion for a new trial, the reasons for which are: (1) That the verdict of the jury is not sustained by sufficient evidence and is contrary to law; (2) that the court erred in giving and refusing to give certain instructions; (3) that the court erred in refusing a new trial on account of newly-discovered evidence; (4) that the damages are excessive.

We have carefully examined the instructions given, also those tendered by appellant and refused by the court, and find no reversible error, as the instructions given fully covered the law of the case as disclosed by the record.

Appellant earnestly insists that a new trial should have been granted on account of newly-discovered evidence. The showing as to newly-discovered evidence was by affidavit of one George W. Holman, one of the attorneys for appellant, wherein it is alleged, in substance, that he is one of the attorneys for appellant and that, as such attorney, he cross-examined appellee on the trial of said cause and sought, through said examination, to ascertain from him all of his activities from and after July 5, 1923, and that affiant had no intimation whatever, either from appellee in said examination or previous thereto, that appellee had filed application for appointment as rural mail carrier out of Kewanna, Fulton county, Indiana; that, after the trial and within the last ten days, affiant learned that appellee, in October, 1924, made said application and therein made representations with reference to his physical condition and fitness for the position; that the Civil Service Commission of the United States government held an examination of said appellee at Culver, Indiana, on October 26, 1924, and that said Civil Service Commission, basing their opinion upon plaintiff's application and his representations made to said commission, found appellee to be physically qualified to carry mail on a rural route, and that he was given, by said commission, a percentage of eighty-two on his mental qualifications, which affiant understands to be a fair average of mental and moral qualifications for a rural route carrier, and that he was physically qualified for the position; that appellant had been diligent and made inquiry with respect to appellee's activities and the condition of his health and

alleged injuries, but having no intimation or knowledge of his having made said application, did not inquire specifically with respect thereto, and did not, on his cross-examination at the trial of this case, for the reason that neither its counsel, nor any agent of appellant, had any knowledge or reason for suspecting that appellee had made such application; that after the trial, and about June 3, 1925, affiant learned for the first time that said application had been made, and, upon further inquiry from the Post Office Department of the Government, learned that he had not only been an applicant, but he was found to be physically qualified to fill the position.

It was the duty of the court below, in passing on the motion for a new trial, to weigh the evidence introduced at the trial and also to consider the proffered evidence in connection therewith in determining whether or not a different result would in all probability have been brought about if a new trial were granted. This, we are bound to assume, the court did, and the offered evidence being cumulative, the court did not err in overruling the motion for a new trial on the grounds of newly-discovered evidence. *Stalker* v. *Breeze* (1917), 186 Ind. 221, 114 N. E. 968; *Michael* v. *State, ex rel.* (1915), 57 Ind. App. 520, 108 N. E. 173; *Kirk* v. *Trabue* (1916), 61 Ind. App. 466, 112 N. E. 26; *Scheigert* v. *Boyer* (1919), 69 Ind. App. 674, 122 N. E. 670.

Appellant also insists that the amount of the verdict is excessive, but there is nothing in the record to justify this court in holding that the verdict of the jury was the result of bias, prejudice or any other unlawful conduct.

The court did not err in overruling the motion for a new trial.

Affirmed.