BELL ET AL. *v.* BELL ET AL.

[No. 16,338. Filed October 16, 1940.]

*Overson & Manning,* of Kokomo, for appellants.

*Marshall, Hillis & Coffel* and *Forest A. Harness,* all of Kokomo, for appellees.

DEVOSS, J.—Appellants herein brought this action to resist the probate of the alleged will of Mary F. Bell, deceased, and as reasons therefore allege: (1) That the pretended will is invalid for the reason that at the

time of the execution thereof, said Mary F. Bell was of unsound mind; (2) that said Mary F. Bell was unduly influenced to execute said pretended will; (3) that said pretended will of Mary F. Bell was unduly executed; (4) that said pretended will is not the last will and testament of Mary F. Bell.

To this complaint the appellees herein filed their answer in general denial.

The cause was submitted to a jury for trial, and at the close of the evidence, upon request by appellees, the court instructed the jury to return a verdict for appellees. A motion for a new trial was filed by appellants, overruled by the court, and the court entered judgment in conformity to said verdict. This appeal follows.

Appellants assign as error: (1) The court erred in sustaining appellees' motion for a directed verdict; (2) the court erred in overruling appellants' motion for a new trial.

The specific grounds set out in the motion for a new trial are: (1) The verdict of the jury is contrary to law; (2) the verdict of the jury is contrary to the evidence; (3) the verdict of the jury is contrary to the law and the evidence; (4) the court erred in directing the jury to return a verdict for the defendants; (5) the court erred in directing the jury at the close of appellants evidence to return a verdict for the defendants to which ruling of the court the plaintiffs separately and severally at the time excepted; (6) the court erred at the close of plaintiffs' case in directing the jury to retire to the jury room and return a verdict for the defendants, and to the giving of which directed verdict the plaintiffs separately and severally at the time excepted; (7) the court erred in giving the directed verdict to the jury which is in words and figures as follows: "We, the jury, find that the written instrument offered for

probate, is the last will and testament of Mary F. Bell, and that the same was not executed under duress or undue influence, and that she was of sound mind and disposing memory at the time she executed the same."

John Marshall, a witness called by the proponents of the will, testified that he was a lawyer, acquainted with Mary F. Bell and had known her about five years before she died; that on or about the 16th day of May, 1934, she came to his office and at that time he drafted a will for her; that Mary F. Bell signed said will in his presence and in the presence of the witnesses, and that Mary F. Bell, at the time said will was executed, was of sound mind.

It was stipulated by the parties that proponents' Exhibit 1 was the will in question and the same was introduced in evidence.

The appellants called some sixteen witnesses to testify relative to the issues involved herein. These witnesses testified as to their acquaintance with Mary F. Bell for periods of time both before and after the execution of the will. Many circumstances relative to the actions and conversation of Mary F. Bell were narrated by the witnesses.

Evidence was adduced that said Mary F. Bell was past eighty years of age; that at times she would go away from her home and it was necessary for her attendants to hunt her up and bring her back; that on one morning she left home at seven o'clock without eating any breakfast and stayed away until seven o'clock that night; that she was forgetful at times and that she would cry and refuse to say for what she was crying; that she said she was tired of living and threatened to destroy herself and said that she had nothing for which to live; that she made the statement that when she put herself out of the way, they would

find her in the water trough; that her health was poor, her eyesight poor, and that her wants had to be looked after constantly; that she walked with a crutch and a cane and sometimes crawled; that she would talk to herself and put her face in her hands and cry; that she soiled her clothes and it was necessary to change her clothes three or four times a day; that on the day the will was signed, Mary F. Bell said, "If they want me to sign papers, I am not going to sign any papers as long as I know anything"; that at the time before and after the making of the will Mary F. Bell was under a doctor's care; that on one occasion the said Mary F. Bell was seen upon a highway with a string tied around her and was dragging a skillet behind her upon which there were some bricks; that she said she was taking the bricks to her daughter to warm her feet; that she had a cane in one hand and a crutch in the other; that at one time she was observed crawling on her hands and knees on the highway; that on one occasion said Mary F. Bell took some liniment and became sick; and that on the date of the execution of the will said Mary F. Bell was of unsound mind. Many other facts and circumstances were detailed in evidence which we do not deem it necessary to set out herein.

One of the material questions in this case was whether or not the testatrix, Mary F. Bell, at the time the will was executed, was a person of sound mind. For the purpose of determining that question, evidence was admissible as to her condition both before and after the executing of said will for consideration of the jury. If there is any conflicting evidence however slight upon this point in issue, that question must be left to the jury and cannot be assumed by the court. When the judgment of the court upon the sufficiency of the evidence to sustain the verdict is

evoked by a motion for a new trial, then it becomes his duty under the law to weigh the evidence for himself, but until such time the duty of weighing the evidence must be left with the jury where the law places it.

The rule relative to a peremptory instruction has been stated by the Supreme Court of Indiana and this court. Such an instruction should be given only when there is a total absence of evidence upon some essential issue or where there is no conflict and the evidence is susceptible of but one inference and that inference is favorable to the parties asking the instruction.

Upon a motion filed for a peremptory instruction, the court is bound to accept as true all facts which the evidence tends to prove and to draw against the parties requesting such instruction, all inference which the jury might reasonably draw, and in case of conflict in the evidence, to consider only that favorable to the parties against whom the instruction is requested, that favorable to the other parties being treated as withdrawn. *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20, and cases cited therein.

While the trial court may have been fully satisfied that the evidence was of such a class and character that it convinced him that no question had been raised as to the mental condition of the testatrix, yet under the rules as set out by the court of this state, appellants were entitled to have the jury pass upon that question, it being one of the major considerations involved herein.

Without further discussion, it is apparent to this court that the giving of said peremptory instruction was error.

Judgment reversed with instructions to the trial court to sustain the motion for a new trial.

NOTE.—Reported in 29 N. E. (2d) 358.