RIEBLY *v.* GOBIN, A MINOR, BY WILLIAM GOBIN, HIS FATHER AND NEXT FRIEND.

[No. 20,283. Petition to Insert Nunc Pro Tunc Order in Record denied June 22, 1965. Appeal dismissed December 13, 1965. Petition to Reinstate denied January 6, 1966. Transfer denied February 15, 1966.]

*Strom & Whitted* and *Oscar Strom, Charles K. Whitted* and *Angelo A. Buoscio,* of Gary, *Charles Clifford* and *Chester, Clifford, Hoeppner & Houran,* of Valparaiso, for appellee.

*Philip M. Cagen* and *William G. Conover,* of Valparaiso, for appellee.

BIERLY, C. J.—Appellee herein, by counsel, on March 23, 1965, filed in this court his petition for leave to incorporate into the record a Nunc Pro Tunc order of the trial court specifying the grounds on which the motion for a new trial was granted, to which motion or petition appellant filed objections.

On April 30, 1965, this court granted appellee's petition therein stating "that appellee be, and he is, hereby authorized to incorporate into the record herein a nunc pro tunc order of the trial court specifying the grounds upon which the motion for new trial was granted . . ."

Appellee applied in the Porter Circuit Court, in Cause No. 18107 from which this appeal originated, for a nunc pro tunc order by the trial court specifying the grounds on which the court sustained the motion of plaintiff for a new trial.

Appellee filed in this court, on May 26, 1965, the nunc pro tunc order after it had been filed in open court on May 24, 1965, and in the office of the Clerk of the Porter Circuit Court. On the same day appellee filed in this court his petition to insert the nunc pro tunc order into the record. This was followed by defendant-appellant filing vigorous objections to the entry of the proposed nunc pro tunc order, which had likewise been filed in the Porter Circuit Court on May 24, 1965 and now filed in this court on May 26. 1965.

Defendant-appellant's objections embraced thirteen rhetorical paragraphs, several of them alleging that a nunc pro tunc entry is untimely where "no written record, memorandum, memorial or note is stated in support of any motion for nunc pro tunc entry;" that appellee-plaintiff misinterpreted this court's order of April 30, 1965; that there is no appellate procedure whereby a record of the trial court can be corrected and brought into the record of this court by the method attempted to be employed by appellee-plaintiff; and that no notice of the filing of any motion to correct the record nunc pro tunc had been served on defendant appellant.

And the court having considered these matters presented herein and being duly advised in the premises, now finds that the objections of defendant-appellant to the entry of the nunc pro tunc order should be sustained and that plaintiff-appellee's petition to insert a nunc pro tunc order into the record should be denied.

IT IS, THEREFORE, CONSIDERED, ORDERED AND DECREED by this court that defendant-appellant's objections to the plaintiff-appellee's petition be sustained and that plaintiff-appellee's petition to insert the nunc pro tunc order into the record be denied.

The relief sought by plaintiff-appellee at this time, though indirectly, is incorporated into the record of this court in this cause, specifying the grounds upon which the motion for a new trial was granted.

And this court, on its own motion, finds that this cause should be remanded to the trial court for the failure of said court to state the ground or grounds for granting appellee-plaintiffs a new trial. This procedure is supported by *Bailey* v. *Kain* (1963), 134 Ind. App. 238, 187 N. E. 2d 366; *Newsom* v. *Pennsylvania Railroad Co. et al.* (1962), 133 Ind. App. 582, 181 N. E. 2d 240; *Petrenko, Admx.* v. *Lothamer* (1963), 134 Ind. App. 630, 190 N. E. 2d 570.

The court now orders that the determination of this cause

be held in abeyance and the cause temporarily remanded to the trial court with instruction to the trial court to enter upon the trial docket in said Cause No. 20283, within the ensuing next thirty (30) days, a statement, in writing, setting forth the specific grounds upon which the motion for a new trial was sustained. After the trial court has made entry of such ground or grounds for sustaining a. motion for a new trial, the Clerk of the Porter Circuit Court shall forthwith record the same in the proper Order Book, and thence certify a copy of the same, with the Clerk's signature affixed, to the Clerk of the Supreme and Appellate Courts. Said certified copy of the Clerk, when delivered to the Clerk of this court, shall be and become a part of the record in this cause in this court, clothed with the same force and effect as if the same were contained in the original transcript from the date of its submission.

And the court now grants to appellee and appellant additional time of fifteen (15) days, respectively, to the appellee, and fifteen (15) days thereafter to appellant from the date of the certification of the trial court and the filing in this court of the ground or grounds for granting a new trial, in which to file additional matters and authorities if either appellee or appellant desires to do so. *Petrenko, Admx.* v. *Lothamer, supra.*

This opinion does not countermand the extension of time granted appellee to file her reply brief as stated and set forth in the order of this court on April 30, 1965.

Prime, P. J., Carson, Faulconer, Hunter, Martin, Mote and Smith, JJ., concur.

## ON MOTION TO DISMISS APPEAL OR IN THE ALTERNATIVE TO AFFIRM THE ORDER OF THE TRIAL COURT.

SMITH, J.—This case is now before the Court on a motion filed by the appellee on September 24, 1965, which motion is

entitled "Motion to Dismiss Appeal, or in the Alternative, to Affirm the Order of the Trial Court."

The case was tried by a jury in the Porter Circuit Court which trial resulted in a verdict in favor of the appellant. Judgment was duly entered on the verdict on February 4, 1964.

On February 14, 1964, the appellee filed a motion for a new trial which motion was sustained by the trial court on June 30, 1964. The order sustaining said motion for a new trial did not specify in writing the reasons advanced by the trial court for sustaining said motion.

Thereafter, upon application of the appellee to this Court for leave to have the reasons advanced by the trial court for sustaining the motion for a new trial made a part of the record of this cause and pursuant to the order of this Court entered on June 22, 1965, the Judge of the Porter Circuit Court specified in writing his reasons for the sustaining of the motion for a new trial. On August 22, 1965, said reasons of the trial court were filed with the Clerk of this Court and thereupon they became a part of the record of this cause.

On September 24, 1965, the appellee filed a motion to dismiss this appeal, or in the alternative to affirm the order of the trial court. This motion alleges in part as follows:

"8. That appellant did not, as aforesaid, include said subject in his original brief, and that said brief contains nothing in support of the erroneous instruction which was granted by the trial court upon the motion of the appellant and over the objection of the appellee."

The only error upon which the appellant can base this appeal is the ruling of the trial court in sustaining the motion for a new trial. However, as it appears from the record, the appellant made no effort to incorporate the reasons the trial court gave in sustaining the motion for a new trial by the timely filing of an amended brief; and has not in the argument portion of his brief cited any facts or

law, as required by Rule 2-17 of the Supreme Court to support the proposition that the trial court erred in sustaining the motion for a new trial. Rule 2-17 of the Supreme Court reads in part as follows:

> "e) The brief shall contain under the heading 'Argument' a specification of such assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relied upon—except the ruling on a motion for a new trial—and after each cause for a new trial relied upon, there shall be concisely stated the basis of the objection to the ruling complained of, *exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon. . . ."* (Emphasis supplied)

Therefore, it is our opinion that the appellant has not properly presented to this Court in his brief reasons or authorities to demonstrate that the trial court erred in sustaining the motion for a new trial and that this appeal should be dismissed.

Cause remanded to trial court with instructions to proceed with a new trial in accordance with his order sustaining the motion for a new trial.

Appeal dismissed.

Prime, C. J., Bierly, Carson, Faulconer, Hunter and Wickens, JJ., concur. Mote, J., not participating.

NOTE.—Reported in 208 N. E. 2d 192. Motion to Dismiss reported in 212 N. E. 2d 173.