WILLIAM WHITE III *v.* CAROL BARDACH, B/N/F
CHARLES BARDACH

[No. 20,559. Filed November 26, 1968. Rehearing granted December 16, 1968. Rehearing on Rehearing denied January 6, 1969. Transfer denied March 21, 1969.]

*Richard Smith, John T. Hume III*, Indianapolis, *Smith and Jones*, of counsel, Indianapolis, and *Webb, Webb & Smith*, of counsel, Noblesville, for appellant.

*James B. Capehart, Grace M. Curry*, Indianapolis, *Bingham Summers Welsh and Spilman*, of counsel, Indianapolis, and *Campbell, Malan, Kyle & Proffitt*, of counsel, Noblesville, for appellee.

SMITH, J.—This is an action for the recovery of damages as a result of personal injuries sustained by the appellee, Carol Bardach. The action arises as a result of a two-car collision which occurred in Monroe County, Indiana, on April 27, 1963.

The collision, which caused appellee's injuries, between appellant White and appellant Eli Taylor, Jr., occurred after a party held at an abandoned stone quarry south of Bloomington. Taylor was originally a party to the action, but was dismissed as a defendant after a settlement with the appellee in the amount of $10,000.00.

The amended complaint alleges in substance as follows:

> That there is in the County of Monroe, State of Indiana, a certain public state highway known and designated as Indiana State Highway No. 37, which highway runs generally in a northerly and southerly direction.

> That there is, in the County of Monroe, State of Indiana, a certain county road known and designated as Empire Road, which runs generally in an easterly and westerly direction. That said county road intersects with State Highway No. 37 approximately five miles south of the City of Bloomington, State of Indiana.

> That State Highway No. 37, at said intersection with Empire Road, is a preferential highway so marked and designated by a stationary stop sign requiring and commanding traffic on said Empire Road to come to a full stop before entering or crossing Highway No. 37.

That on April 27, 1963, at about 8:15 P.M., the appellee-plaintiff, Carol Bardach, was riding as a guest passenger in a Chrysler automobile operated by the appellant-defendant, William M. White III.

That at said time and place the appellant-defendant White was driving his motor vehicle in a generally westerly direction on Empire Road, approaching its intersection with State Highway No. 37.

That at said time and place one Eli Taylor, Jr. was driving his Cadillac motor vehicle in a southerly direction on Highway No. 37 near its intersection with the said Empire Road.

That the appellant-defendant White wantonly or wilfully operated his motor vehicle and collided with the motor vehicle operated by Eli Taylor, Jr. at or near said intersection.

That the wanton or wilful misconduct on the part of the appellant-defendant White consisted of the following acts:

(a) Operating his motor vehicle while under the influence of intoxicating liquors.

(b) Failing to bring his motor vehicle to a complete stop before entering onto said preferential Highway No. 37.

(c) Failing to yield the right of way to other motor vehicles proceeding on said preferential Highway No. 37.

(d) Failing to maintain a lookout for other motor vehicles using said through highway and intersection.

(e) Driving his motor vehicle on the left or south bound lane of traffic while proceeding in a northerly direction.

(f) Failing to turn his motor vehicle to the right or left or bring it to a halt in order to avoid the collision with the motor vehicle operated by Taylor.

(g) Failing to keep his motor vehicle under proper control and on the right half of the traveled portion of said highway.

To this amended complaint the appellant-defendant White filed an answer in three paragraphs in denial and affirmance.

Trial was had to a jury, which entered a general verdict in favor of appellant White.

Appellee-plaintiff filed a timely motion for a new trial which was sustained. The appellant filed his assignment of errors alleging therein five grounds of error. The appellant's alleged errors are as follows:

"1. The trial court erred in sustaining Appellee's Motion For A New Trial.

"2. The trial court erred in overruling Appellant's Motion To Correct Record.

"3. The trial court erred in over-ruling Appellant's Motion for Directed Verdict at the close of Appellee's Evidence.

"4. The trial court erred in over-ruling Appellant's Motion For Directed Verdict at the close of all evidence.

"5. The trial court erred in refusing to give Appellant's tendered Instruction No. 1 . . ."

Thereafter, on appellant's motion, this cause was remanded to the trial court for clarification and to state all the reasons for granting the motion for a new trial, and such clarification and reasons have now been duly certified and made a part of the record in this case.

The evidence reveals in substance the following facts: On April 27, 1963, several students from Indiana University attended a party at an abandoned quarry pit located several miles south of Bloomington, Indiana. Appellant White drove several students to this quarry in his 1947 Chrysler motor vehicle. He arrived at the quarry with several cases of bottled beer. During this afternoon other students, riding in other motor vehicles, came to and departed from the party area at the quarry. Before the collision in question, appellant White made two separate trips from the quarry. During the one trip he purchased hot dogs and root beer at a drive-in and returned thereafter to the quarry. While at the party White went swimming, engaged in some dancing, and consumed

approximately six to seven bottles of beer, together with various items of food.

Appellee Carol Bardach arrived at the quarry around 2:00 o'clock in the afternoon. She was a passenger in a motor vehicle driven by Ken Alvarez. The motor vehicle in which appellee Bardach was riding returned to Bloomington and the driver of the vehicle picked up Ronald Alvarez and brought him to the quarry. This car then returned around 4:00 P.M. Ronald Alvarez and appellee Bardach stayed with the party for approximately one-half hour and then left on foot. Ronald Alvarez and appellee were gone for approximately three hours. During this period of time appellee Bardach consumed one-half pint of whiskey; and around 8:00 P.M. Ronald Alvarez and appellee Bardach returned to the party. It was then that they discovered that Ken Alvarez had already left the party and that the only vehicle remaining was the vehicle belonging to appellant White. Appellant consented to transport appellee Bardach back to Bloomington.

At the time appellant White turned north onto State Highway No. 37 he drove into the southbound lane of traffic and, hearing a warning from a passenger in his vehicle, veered into the northbound, right-hand traffic lane. At that time he collided head-on with the motor vehicle operated by Eli Taylor, Jr. Appellant's turn was a sweeping turn from a gravel road, and the rear of appellant's vehicle was two feet over the center line at the point of impact. At the time of the collision appellant's vehicle was traveling at a speed of approximately 30 miles per hour, while the vehicle driven by Eli Taylor, Jr. was traveling approximately 60 to 70 miles per hour. Appellant White came to a full and complete stop before entering the highway and two witnesses testified that they saw no on-coming headlights as appellant turned onto said State Highway No. 37.

Direct appeals from the granting of motions for new trials are comparatively new in Indiana practice, having been

authorized by Burns' Ind. Stat., § 2-3201. The procedural questions have been concerned with the reasons for granting a new trial, and the scope of review of the trial court's discretion. We have found no decision of an Indiana court in a direct appeal case wherein this court, or the Supreme Court, has gone behind the appellee's motion for a new trial or the court's written reasons and considered independent assignments of other error by the original prevailing party. All of the decisions have been confined to a consideration of the question or questions presented by the motion for a new trial.

The leading case in this area is the case of *Bailey v. Kain* (1963), 135 Ind. App. 657, 192 N. E. 2d 486 (Reh. Den. Nov. 7, 1963; Tr. Den. Mar. 3, 1964). In this case the trial court sustained the motion for a new trial and the appellant in his assignment of errors, together with other alleged errors, contended that the trial court erred in sustaining appellee's motion for a new trial. Notwithstanding the fact that the appellant made no motion in the trial court requesting the trial judge to state in writing his specific reasons for sustaining the appellee's motion for a new trial, this court was of the opinion that it was necessary that the trial judge be required to so state his reasons. The case was then remanded to the trial court with instructions; and the trial court in compliance with said instructions, made an entry on the trial court docket which was properly certified by the clerk of said court back to this court.

In the case at bar the trial judge's statement contained reasons for sustaining the appellee's motion for a new trial, one of which, in substance, reads as follows: The trial court, after weighing all of the evidence, was and is of the opinion that the verdict of the jury was against the clear preponderance of the evidence. This court has held that if any of the stated reasons set forth by the trial court are correct, the court would be duty bound to affirm the lower court's deci-

sion. See *Newsom v. Pennsylvania Railroad Company* (1962), 134 Ind. App. 120, 186 N. E. 2d 699; *Rans v. The Pennsylvania Railroad Co.* (1962), 133 Ind. App. 592, 181 N. E. 2d 644.

Judge Hunter in the *Bailey* case succinctly and ably spoke as follows:

"It therefore becomes the sole duty of this court to examine the record to see if (1) the trial court abused its judicial discretion (2) a flagrant injustice has been done the appellant, or (3) a very strong case for relief has been made by the appellant. *Newsom v. Pennsylvania Railroad Company, supra; Topper v. Dunn* (1961), 132 Ind. App. 306, 177 N. E. 2d 382; 4 Works' Indiana Practice, Lowe's Revision, § 61.140, p. 120.

"With the above rules in mind, we therefore first consider stated reason #1 of the trial judge's stated reasons for sustaining the appellee's (plaintiff below) motion for a new trial.

"On consideration of a motion for a new trial, the trial judge has an imperative obligation to weigh the conflicting evidence. *Novak, Admx., etc. v. Chi. & C. Dist. Tr. Co. et al* (1956), 235 Ind. 489, 135 N.E. 2d 1; *Hinds, Executor, etc. v. McNair et al* (1955), 235 Ind. 34, 129 N. E. 2d 553; *State ex rel. Conner v. Pritchard, Judge* (1944), 115 Ind. App. 55, 54 N. E. 2d 283 and cases cited at p. 59; *Bell v. Bell* (1940), 108 Ind. App. 436, 29 N. E. 2d 358; *Borenstein, Admr. v. Uhl* (1939), 107 Ind. App. 67, 20 N. E. 2d 189.

"On a motion for a new trial it must clearly appear to the trial judge that substantial justice has been done and, if in his opinion the preponderance of the evidence is against the verdict, it is his duty to grant the new trial. *Christy v. Holmes* (1877), 57 Ind. 314; *Glover et al v. Stevenson et al* (1891), 126 Ind. 532, 26 N. E. 486; *Smith v. Stump, by Next Friend* (1895), 12 Ind. App. 359, 40 N. E. 279; *Monfort v. Indianapolis, etc., Traction Co.* (1920), 189 Ind. 683, 128 N. E. 842; *Lowry v. Indianapolis Traction, etc., Co.* (1920), 77 Ind. App. 138, 126 N. E. 223; *Novak, Admx., etc. v. Chi. & C. Dist. Tr. Co. et al., supra; Hinds, Executor, etc. v. McNair, et al., supra; State ex rel. Conner v. Pritchard, Judge, supra*, and cases cited at p. 59.

"We will be hesitant to overrule a trial court in granting a motion for new trial for the reason that there are

strong presumptions in favor of the trial court's action, and it is therefore a sound precedent which dictates that this court should be reluctant to second guess a trial court in granting a motion for new trial. *State ex rel. Conner v. Pritchard, Judge, supra; Indianapolis, etc., Traction Co. v. Harrell* (1922), 192 Ind. 188, 134 N. E. 871; *Lewis v. The State* (1894), 137 Ind. 344, 36 N. E. 1110; *Novak, Admx., etc. v. Chi. & C. Dist. Tr. Co. et al., supra; Powell v. Grimes* (1856), 8 Ind. 252; *Cronk v. Cole* (1858), 10 Ind. 485; *Leary v. Ebert et al* (1880), 72 Ind. 418; *Topper v. Dunn, supra,* and cases too numerous to cite further.

"The trial judge is more than a mere umpire; his duties extend beyond the bounds of confining the evidence to the issues and instructing the jury on the law of the case; it was his duty to hear the case along with the jury; he had the opportunity to see and know the jury; he had the duty to observe the witnesses and note the level of their intelligence and wisdom together with their independence or lack of it, their prejudice or lack of it concerning matters about which they testified, and to note their bias or prejudice, their interest or lack of interest. In short, it was his duty to keep his eyes and ears open to what was going on during the trial so that when confronted with a motion for a new trial, he could pass upon the purely legal questions involved in the case, as well as determine the weight and sufficiency of the evidence to sustain the verdict. There are many things the trial judge must take in consideration in determining the weight of conflicting evidence and passing upon the question of the preponderance thereof which make his duty in the first instance entirely different from that of an appellate tribunal as a court of review, for at the appellate level we have only the record and briefs exemplified by the cold type before us. *Hinds, Executor, etc. v. McNair et al., supra,* and cases cited. Re trial courts' duty to weigh conflicting evidence, credibility of witnesses, etc., see also *Cleveland, etc., R. Co. v. Baker* (1920), 190 Ind. 633, 128 N. E. 836; *The Cincinnati, Hamilton and Indianapolis Railroad Co. v. Madden* (1893), 134 Ind. 462, 34 N. E. 227, at p. 469; *State ex rel Conner v. Pritchard, Judge, supra; Christy v. Holmes, supra; George H. Hammond & Co. v. Schweitzer* (1887), 112 Ind. 246, 13 N. E. 869; *Cleveland, etc., R. Co. v. Baker, supra; Borenstein, Admr. v. Uhl, supra; State ex rel. Winslow v. Fisher, Clerk* (1941), 109 Ind. App. 644, 37 N. E. 2d 280; *Indianapolis, etc., Traction Co. v. Harrell, supra; Chicago, etc. R. Co. v. Rans*

(1927), 86 Ind. App. 300, 154 N. E. 876; *Lewis v. The State, supra.*

"The appellant contends that the trial court failed to state with particularity its specific reasons for granting the motion for new trial under stated reason #1 filed herein which reads as follows:

'The trial court, after weighing all of the evidence, was and is of the opinion that the verdict of the jury was against the clear preponderance of the evidence, such preponderance of the evidence being in favor of the plaintiff below (appellee) and against the defendant below (appellant). The trial court therefore exercised its prerogative as the thirteenth juror in sustaining the motion for new trial.'

"In view of the cases cited hereinbefore, it seems conclusive to this court that stated reason #1 of the trial judge is entirely adequate and meets this court's mandate heretofore issued to state with particularity its specific reasons for granting a motion for new trial. In this case the evidence relative to the material issues is in conflict. Therefore, when confronted with a motion for a new trial in such a case, it is the duty of the trial judge to insure that substantial justice is done by the verdict of the jury. The duty thus imposed as stated hereinbefore requires that the judge attentively review, consider and weigh the evidence presented during the trial. Such a mandate places upon him (the trial judge) the duty of observing and noting all of the indicia of truth and falsehood surrounding the witnesses at the trial together with all of the surrounding circumstances about which they testified and thereupon to determine the credibility of the various witnesses and the weight to be accorded their testimony. All of such factors must conscientiously occupy the judge's attention on a motion for a new trial and he should exercise them with 'careful deliberation' in his determination of the question of the preponderance of the evidence, and if in the judge's opinion, the evidence preponderated against the verdict of the jury it is his imperative duty to grant a new trial for the party seeking such relief. This is a duty the trial judge should face conscientiously and unflinchingly, 'with firmness for the right' and without fear or favor. *Novak, Admx., etc. v. Chi. & C. Dist. Tr. Co. et al., supra; Topper v. Dunn, supra.*

Judge Hunter stated further in the *Bailey* case, as follows:

"The warp and woof of the fabric of our judicial system which guarantee all citizens equal justice under the law depend upon the maintenance of a pattern of judicial responsibility, restraint, and an absolute and conscientious adherence to the rules governing our judicial tribunals at each level. The structure of our judicial system rests upon the solid foundation of our trial courts at every level of government. The keystone of justice in our system is the trial court, thus if it is to be accomplished under the law, it must be attained first at the trial court level. If the trial courts and the appellate tribunals will remain steadfast to the rules governing their respective duties and functions, substantial justice will be done insofar as human agencies are capable of its accomplishment.

"The power of the trial judge to examine the whole case with a view toward securing a result not merely legal, but which also manifests justice, is a power not in derogation of the right to trial by jury as urged by the appellant; quite the contrary, is one of the historic safeguards of that right. This power, if exercised in pursuance of sound judicial discretion, is a power without which our jury system might become a capricious, fickle and intolerable tyranny under which no system of jurisprudence in a free society could long survive."

It is our opinion in the case at bar that the only assignment of error to be considered in this case is the ruling on the motion for a new trial. In the case of *Reibly v. Gobin* (1965), 138 Ind. App. 306, 212 N. E. 2d 173, our court held that the only error upon which such an appeal can be based is the ruling of the trial court in sustaining the motion for a new trial.

If the appellant in direct appeals is permitted to go behind the verdict in his favor and urge errors, a Pandora's Box of rulings on demurrers, continuances, admission of evidence, refusals to direct verdicts, and the like, will be opened up. The scope of review under the direct appeals statute was clearly intended to be limited to the ruling on the motion for a new trial, as this court held in the *Reibly* case.

In the light of our ruling that we will not go behind the motion for a new trial and the reasons stated by the trial judge in granting the motion for a new trial, we are considering only the alleged error that the trial court granted a motion for a new trial, and it will not be necessary to comment on any of the other errors as set forth in appellant's brief.

It is further our opinion that the court did not flagrantly abuse its discretion in granting the motion for a new trial and the cause is hereby remanded to the trial court for a new trial.*

Judgment affirmed.

Bierly and Pfaff, JJ., concur.

### On Petition for Rehearing

SMITH, J.—Upon the appellant's petition for a rehearing of this cause the court has reconsidered its decision of November 26, 1968, 143 Ind. App. 586, 241 N. E. 2d 866, 16 Ind. Dec. 75, and now supersedes the same as follows:

This is an action for the recovery of damages as a result of personal injuries sustained by the appellee Carol Bardach. The action arises as a result of a two-car collision which occurred in Monroe County, Indiana, on April 27, 1963.

The collision, which caused appellee's injuries, between appellant White and appellant Eli Taylor, Jr. occurred after a party held at an abandoned stone quarry south of Bloom-

---

*There is a question raised as to the giving of an instruction on the theory of "mere" or "pure" accident. At the time of the trial the case of *Miller v. Alvey* (1965), 246 Ind. 560, 207 N.E. 2d 633, had not been decided. In the *Miller* case the Supreme Court held that the giving of a "mere" or "pure" accident instruction is reversible error; and there have been several other decisions which followed the law announced in the *Miller* case, in which our court and the Supreme Court has held that the giving of a "mere" or "pure" accident instruction is harmful error. However, prior to the ruling on the motion for a new trial, the decision of the *Miller* case had been handed down and, therefore, in any re-trial of this cause, in the light of the *Miller* case, we are of the opinion that no such instruction should be given.

ington. Taylor was originally a party to the action, but was dismissed as a defendant after a settlement with the appellee in the amount of $10,000.00.

The amended complaint alleges in substance as follows:

That there is in the County of Monroe, State of Indiana, a certain public state highway known and designated as Indiana State Highway No. 37, which highway runs generally in a northerly and southerly direction.

That there is, in the County of Monroe, State of Indiana, a certain county road known and designated as Empire Road, which runs generally in an easterly and westerly direction. That said county road intersects with State Highway No. 37 approximately five miles south of the City of Bloomington, State of Indiana.

That State Highway No. 37, at said intersection with Empire Road, is a preferential highway so marked and designated by a stationary stop sign requiring and commanding traffic on said Empire Road to come to a full stop before entering or crossing Highway No. 37.

That on April 27, 1963, at about 8:15 P.M., the appellee-plaintiff, Carol Bardach, was riding as a guest passenger in a Chrysler automobile operated by the appellant-defendant, William M. White III.

That at said time and place the appellant-defendant White was driving his motor vehicle in a generally westerly direction on Empire Road, approaching its intersection with State Highway No. 37.

That at said time and place one Eli Taylor, Jr. was driving his Cadillac motor vehicle in a southerly direction on Highway No. 37 near its intersection with the said Empire Road.

That the appellant-defendant White wantonly or wilfully operated his motor vehicle and collided with the motor vehicle operated by Eli Taylor, Jr. at or near said intersection.

That the wanton or wilful misconduct on the part of the appellant-defendant White consisted of the following acts:

(a) Operating his motor vehicle while under the influence of intoxicating liquors.

(b) Failing to bring his motor vehicle to a complete stop before entering onto said preferential Highway No. 37.

(c) Failing to yield the right of way to other motor vehicles proceeding on said preferential Highway No. 37.

(d) Failing to maintain a lookout for other motor vehicles using said through highway and intersection.

(e) Driving his motor vehicle on the left or southbound lane of traffic while proceeding in a northerly direction.

(f) Failing to turn his motor vehicle to the right or left or bring it to a halt in order to avoid the collision with the motor vehicle operated by Taylor.

(g) Failing to keep his motor vehicle under proper control and on the right half of the traveled portion of said highway.

To this amended complaint the appellant-defendant White filed an answer in three paragraphs in denial and affirmance.

Trial was had to a jury, which entered a general verdict in favor of appellant White.

Appellee-plaintiff filed a timely motion for a new trial which was sustained. The appellant filed his assignment of errors alleging therein five grounds of error. The appellant's alleged errors are as follows:

"1. The trial court erred in sustaining Appellee's Motion For A New Trial.

"2. The trial court erred in overruling Appellant's Motion To Correct Record.

"3. The trial court erred in overruling Appellant's Motion For Directed Verdict at the close of Appellee's Evidence.

"4. The trial court erred in overruling Appellant's Motion For Directed Verdict at the close of all evidence.

"5. The trial court erred in refusing to give Appellant's tendered Instruction No. 1. . ."

Thereafter, on appellant's motion, this cause was remanded to the trial court for clarification and to state all the reasons for granting the motion for a new trial, and such clarification and reasons have now been duly certified and made a part of the record in this case.

The evidence reveals in substance the following facts: On April 27, 1963, several students from Indiana University attended a party at an abandoned quarry pit located several miles south of Bloomington, Indiana. Appellant White drove several students to this quarry in his 1947 Chrysler motor vehicle. He arrived at the quarry with several cases of bottled beer. During this afternoon other students, riding in other motor vehicles, came to and departed from the party area at the quarry. Before the collision in question, appellant White made two separate trips from the quarry. During the one trip he purchased hot dogs and root beer at a drive-in and returned thereafter to the quarry. While at the party White went swimming, engaged in some dancing, and consumed approximately six to seven bottles of beer, together with various items of food.

Appellee Carol Bardach arrived at the quarry around 2:00 o'clock in the afternoon. She was a passenger in a motor vehicle driven by Ken Alvarez. The motor vehicle in which appellee Bardach was riding returned to Bloomington and the driver of the vehicle picked up Ronald Alvarez and brought him to the quarry. This car then returned around 4:00 P.M. Ronald Alvarez and appellee Bardach stayed with the party for approximately one-half hour and then left on foot. Ronald Alvarez and appellee were gone for approximately three hours. During this period of time appellee Bardach consumed one-half pint of whiskey; and around 8:00 P.M. Ronald Alvarez and appellee Bardach returned to the party. It was then that they discovered that Ken Alvarez had already left the party and that the only vehicle remaining was the vehicle belonging to appellant White. Appellant consented to transport appellee Bardach back to Bloomington.

At the time appellant White turned north onto State Highway No. 37 he drove into the southbound lane of traffic and, upon hearing a warning from a passenger in his vehicle, veered into the northbound, right-hand traffic lane. At that time he collided head-on with the motor vehicle operated by Eli Taylor, Jr. Appellant's turn was a sweeping turn from a gravel road, and the rear of appellant's vehicle was two feet over the center line at the point of impact. At the time of the collision appellant's vehicle was traveling at a speed of approximately 30 miles per hour, while the vehicle driven by Eli Taylor, Jr. was traveling approximately 60 to 70 miles per hour. Appellant White came to a full and complete stop before entering the highway and two witnesses testified that they saw no on-coming headlights as appellant turned into said State Highway No. 37.

Direct appeals from the granting of motions for new trials are comparatively new in Indiana practice, having been authorized by Burns' Ind. Stat., § 2-3201. The procedural questions have been concerned with the reasons for granting a new trial, and the scope of review of the trial court's discretion. We have found no decision of an Indiana court in a direct appeal case wherein this court, or the Supreme Court, has gone behind the appellee's motion for a new trial or the court's written reasons and considered independent assignments of other error by the original prevailing party. All of the decisions have been confined to a consideration of the question or questions presented by the motion for a new trial.

The leading case in this area is the case of *Bailey v. Kain* (1963), 135 Ind. App. 657, 192 N. E. 2d 486 (Reh. Den. Nov. 7, 1963; Tr. Den. Mar. 3, 1964). In this case the trial court sustained the motion for a new trial and the appellant in his assignment of errors, together with other alleged errors, contended that the trial court erred in sustaining appellee's motion for a new trial. Notwithstanding the fact that the appellant made no motion in the trial court request-

ing the trial judge to state in writing his specific reasons for sustaining the appellee's motion for a new trial, this court was of the opinion that it was necessary that the trial judge be required to so state his reasons. The case was then remanded to the trial court with instructions; and the trial court in compliance with said instructions, made an entry on the trial court docket which was properly certified by the clerk of said court back to this court.

In the case at bar the trial judge's statement contained several reasons for sustaining the appellee's motion for a new trial. This court has held that if any of the stated reasons set forth by the trial court in support of granting a motion for a new trial are correct, the court would be required to affirm the decision of the lower court. See *Newsom v. Pennsylvania Railroad Company* (1962), 134 Ind. App. 120, 186 N. E. 2d 699; *Rans v. The Pennsylvania Railroad Co.* (1962), 133 Ind. App. 592, 181 N. E. 2d 644.

Judge Hunter in the *Bailey* case succinctly and ably spoke as follows:

> "It therefore becomes the sole duty of this court to examine the record to see if (1) the trial court abused its judicial discretion (2) a flagrant injustice has been done the appellant, or (3) a very strong case for relief from the trial court's ordering a new trial has been made by the appellant. *Newsom v. Pennsylvania Railroad Company, supra; Topper v. Dunn* (1961), 132 Ind. App. 306, 177 N. E. 2d 382; 4 Works' Indiana Practice, Lowe's Revision, § 61.140, p. 120.

> "With the above rules in mind, we therefore first consider stated reason #1 of the trial judge's stated reasons for sustaining the appellee's (plaintiff below) motion for a new trial.

> "On consideration of a motion for a new trial, the trial judge has an imperative obligation to weigh the conflicting evidence. *Novak, Admx., etc. v. Chi. & C. Dist. Tr. Co. et al.* (1956), 235 Ind. 489, 135 N. E. 2d 1; *Hinds Executor, etc. v. McNair et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553;

*State ex rel. Conner v. Pritchard, Judge* (1944), 115 Ind. App. 55, 54 N. E. 2d 283 and cases cited at p. 59; *Bell v. Bell* (1940), 108 Ind. App. 436, 29 N. E. 2d 358; *Borenstein, Admr. v. Uhl* (1939), 107 Ind. App. 67, 20 N. E. 2d 189.

"On a motion for a new trial it must clearly appear to the trial judge that substantial justice has been done and, if in his opinion the preponderance of the evidence is against the verdict, it is his duty to grant the new trial. *Christy v. Holmes* (1877), 57 Ind. 314; *Glover et al v. Stevenson et al.* (1891), 126 Ind. 532, 26 N. E. 486; *Smith v. Stump, by Next Friend* (1895), 12 Ind. App. 359, 40 N. E. 279; *Monfort v. Indianapolis, etc., Traction Co.* (1920), 189 Ind. 683, 128 N. E. 842; *Lowry v. Indianapolis Traction, etc., Co.* (1920), 77 Ind. App. 138, 126 N. E. 233; *Novak, Admx., etc. v. Chi. & C. Dist. Tr. Co. et al., supra; Hinds, Executor, etc. v. McNair, et al., supra; State ex rel. Conner v. Pritchard, Judge, supra,* and cases cited at p. 59.

"We will be hesitant to overrule a trial court in granting a motion for new trial for the reason that there are strong presumptions in favor of the trial court's action, and it is therefore a sound precedent which dictates that this court should be reluctant to second guess a trial court in granting a motion for new trial. *State ex rel. Conner v. Pritchard, Judge, supra; Indianapolis, etc., Traction Co. v. Harrell* (1922), 192 Ind. 188, 134 N. E. 871; *Lewis v. The State* (1894), 137 Ind. 344, 36 N. E. 1110; *Novak, Admx., etc. v. Chi. & C. Dist. Tr. Co. et al., supra; Powell v. Grimes* (1856), 8 Ind. 252; *Cronk v. Cole* (1858), 10 Ind. 485; *Leary v. Ebert et al* (1880), 72 Ind. 418; *Topper v. Dunn, supra,* and cases too numerous to cite further.

"The trial judge is more than a mere umpire; his duties extend beyond the bounds of confining the evidence to the issues and instructing the jury on the law of the case; it was his duty to hear the case along with the jury; he had the opportunity to see and know the jury; he had the duty to observe the witnesses and note the level of their intelligence and wisdom together with their independence or lack of it, their prejudice or lack of it concerning matters about which they testified, and to note their bias or prejudice, their interest or lack of interest. In short, it was his duty to keep his eyes and ears open to what was going on during the trial so that when confronted with a motion for a new trial, he could pass upon the purely legal questions involved in the case, as well as determine the weight and sufficiency of the evidence to sustain the ver-

dict. There are many things the trial judge must take in consideration in determining the weight of conflicting evidence and passing upon the question of the preponderance thereof which make his duty in the first instance entirely different from that of an appellate tribunal as a court of review, for at the appellate level we have only the record and briefs exemplified by the cold type before us. *Hinds, Executor, etc. v. McNair et al., supra,* and cases cited. Re trial courts' duty to weigh conflicting evidence, credibility of witnesses, etc., see also *Cleveland, etc., R. Co. v. Baker* (1920), 190 Ind. 633, 128 N. E. 836; *The Cincinnati, Hamilton and Indianapolis Railroad Co. v. Madden* 134 Ind. 462, 34 N. E. 227, at p. 469; *State ex rel Conner v. Pritchard, Judge, supra; Christy v. Holmes, supra; George H. Hammond & Co. v. Schweitzer* (1887), 112 Ind. 246, 13 N. E. 869; *Cleveland, etc., R. Co. v. Baker, supra; Borenstein, Admr. v. Uhl, supra; State ex rel. Winslow v. Fisher,* Clerk (1941), 109 Ind. App. 644, 37 N. E. 2d 280; *Indianapolis etc., Traction Co. v. Harrell, supra; Chicago, etc. R. Co. v. Rans* (1927), 86 Ind. App. 300, 154 N. E. 876; *Lewis v. The State, supra.*

"The appellant contends that the trial court failed to state with particularity its specific reasons for granting the motion for new trial under stated reason #1 filed herein which reads as follows:

'The trial court, after weighing all of the evidence, was and is of the opinion that the verdict of the jury was against the clear preponderance of the evidence, such preponderance of the evidence being in favor of the plaintiff below (appellee) and against the defendant below (appellant). The trial court therefore exercised its prerogative as the thirteenth juror in sustaining the motion for new trial.'

"In view of the cases cited hereinbefore, it seems conclusive to this court that stated reason #1 of the trial judge is entirely adequate and meets this court's mandate heretofore issued to state with particularity its specific reasons for granting a motion for new trial. In this case the evidence relative to the material issues is in conflict. Therefore, when confronted with a motion for a new trial in such a case, it is the duty of the trial judge to insure that substantial justice is done by the verdict of the jury. The duty thus imposed as stated hereinbefore requires that the judge attentively review, consider and weigh the evidence presented during the trial. Such a mandate places upon him (the trial judge) the duty of observing and noting

all of the indicia of truth and falsehood surrounding the witnesses at the trial together with all of the surrounding circumstances about which they testified and thereupon to determine the credibility of the various witnesses and the weight to be accorded their testimony. All of such factors must conscientiously occupy the judge's attention on a motion for a new trial and he should exercise them with 'careful deliberation' in his determination of the question of the preponderance of the evidence, and if in the judge's opinion, the evidence preponderated against the verdict of the jury it is his imperative duty to grant a new trial for the party seeking such relief. This is a duty the trial judge should face conscientiously and unflinchingly, 'with firmness for the right' and without fear or favor. *Novak, Admx., etc. v. Chi. & C. Dist. Tr. Co. et al., supra; Topper v. Dunn, supra.*"

Judge Hunter stated further in the *Bailey* case, as follows:

"The warp and woof of the fabric of our judicial system which guarantee all citizens equal justice under the law depend upon the maintenance of a pattern of judicial responsibility, restraint, and an absolute and conscientious adherence to the rules governing our judicial tribunals at each level. The structure of our judicial system rests upon the solid foundation of our trial courts at every level of government. The keystone of justice in our system is the trial court, thus if it is to be accomplished under the law, it must be attained first at the trial court level. If the trial courts and the appellate tribunals will remain steadfast to the rules governing their respective duties and functions, substantial justice will be done insofar as human agencies are capable of its accomplishment.

"The power of the trial judge to examine the whole case with a view toward securing a result not merely legal, but which also manifests justice, is a power not in derogation of the right to trial by jury as urged by the appellant; quite the contrary, is one of the historic safeguards of that right. This power, if exercised in pursuance of sound judicial discretion, is a power without which our jury system might become a capricious, fickle and intolerable tyranny under which no system of jurisprudence in a free society could long survive."

It is our opinion in the case at bar that the principal and controlling question raised by the assignment of errors is the

ruling of the trial court sustaining the motion for a new trial. In the case of *Riebly v. Gobin* (1965), 138 Ind. App. 306, 212 N. E. 2d 173, our court spoke as follows:

"The only error upon which the appellant can base this appeal is the ruling of the trial court in sustaining the motion for a new trial."

If the appellant in direct appeals is permitted to go behind the verdict in his favor and urge errors, a Pandora's Box of rulings on demurrers, continuances, admission of evidence, refusals to direct verdicts, and the like, will be opened up. The scope of review under the direct appeals statute was clearly intended to be limited to the ruling on the motion for a new trial, as this court held in the *Riebly* case.

In the light of our ruling that we will not go behind the motion for a new trial and the reasons stated by the trial judge in granting the motion for a new trial, we are considering only the alleged error that the trial court granted a motion for a new trial, and it will not be necessary to comment on any of the other errors as set forth in appellant's brief.

It is further our opinion that the court did not flagrantly abuse its discretion in granting the motion for a new trial and the cause is hereby remanded to the trial court for a new trial.*

---

*There is a question raised as to the giving of an instruction on the theory of "mere" or "pure" accident. At the time of the trial the case of *Miller v. Alvey* (1965), 246 Ind. 560, 207 N.E. 2d 633, had not been decided. In the *Miller* case the Supreme Court held that the giving of a "mere" or "pure" accident instruction is reversible error; and there have been several other decisions which followed the law announced in the *Miller* case, in which our court and the Supreme Court has held that the giving of a "mere" or "pure" accident instruction is harmful error. However, prior to the ruling on the motion for a new trial, the decision of the *Miller* case had been handed down and, therefore, in any re-trial of this cause, in the light of the *Miller* case, we are of the opinion that no such instruction should be given.

Judgment affirmed.

Bierly and Pfaff, JJ., concur.

NOTE—Reported in 241 N. E. 2d 866.