Filed Nov. 4, 1887.

---

No. 12,781.

## George H. Hammond & Co. *v.* Schweitzer.

Negligence.—*Sufficiency of Complaint Charging.*—A general allegation of negligence in the performance, or in failing to perform, a duty which the law casts upon a defendant, resulting in injury to the plaintiff, without his fault, is sufficient to withstand a demurrer.

Same.—*Master and Servant.*— *Dangerous Machinery.*—Where an employer negligently permits an elevator, which an employee in the performance of his duty is required to go upon, to become dangerous and to remain unfit for use, and the latter, having no knowledge of its dangerous condition, and being without fault, is injured while in the course of his employment by reason of its unsafe condition, the employer is liable.

From the Lake Circuit Court.

*J. Kopelke,* for appellant.

*E. Griffin, C. F. Griffin, J. B. Julian* and *J. F. Julian,* for appellee.

George H. Hammond & Co. *v.* Schweitzer.

MITCHELL, J.—The complaint in this case charges that, on the 26th day of January, 1885, the appellee, Schweitzer, was in the employ of George H. Hammond & Co., a corporation engaged in the manufacture of glue and other commodities at Hammond, Indiana. While so employed the plaintiff alleges that it became his duty to use, and pass up and down upon, an elevator supplied by the company for the purpose of carrying material back and forth from 'the basement to the top of the building in which the company conducted its business. The plaintiff alleges that, by the carelessness and negligence of the company, the cable and other apparatus connected with the elevator were, with the defendant's knowledge, permitted to be and remain unsafe, dangerous and unfit for the purposes for which they were used, of which fact the plaintiff alleges he was ignorant. He charges that, while ascending from the basement in the line of his duty, the cable which supported the elevator broke, or slipped, thereby causing the elevator, with the plaintiff upon it, to be precipitated some twenty feet to the basement, whereby the plaintiff, without any fault, sustained grievous bodily injuries.

This complaint is not open to the objections urged against it by the appellant. It charges generally that the appellant carelessly and negligently permitted its elevator, which the plaintiff in the performance of his duties was required to go upon, to become dangerous, and to be and remain unfit for use, and that the latter, without knowledge of its dangerous condition, while in the course of his employment, was injured, without his fault, by reason of the unsafe condition of the elevator.

It has been repeatedly held that a general allegation of negligence in the performance of, or in failing to perform, a duty which the law casts upon a defendant, resulting in injury to a plaintiff, who is without fault, is sufficient to withstand a demurrer. *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind.

160; *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151; *Town of Rushville* v. *Adams,* 107 Ind. 475.

If the defendant desired the complaint to specify more particularly wherein the plaintiff claimed the defendant was negligent, a motion to make the complaint more specific would have presented the question.

Where the necessities of his employment require an employee to use machinery or appliances in the course of his employment, the employer owes the corresponding duty of exercising care in furnishing and maintaining machinery and appliances that are reasonably safe, or of giving notice to the employee of defects that are not obvious or of which the latter has no knowledge.

This duty rested upon the appellant, and, according to the averments in the complaint, it negligently and carelessly omitted to discharge its obligation in that regard to the appellee.

The distinction between the complaint before us and that involved in *Pennsylvania Co.* v. *Marion,* 104 Ind. 239, relied on by the appellant, is that in the latter case the complaint contained no general charge of negligence, while the complaint under consideration alleges that the appellant carelessly and negligently permitted, etc.

Under the assignment that the court erred in overruling the appellant's motion for a new trial two points are presented:

First, it is argued that the evidence shows that the elevator was not intended to be used in carrying persons, and that the appellee went upon it voluntarily and without any direction from the appellant, and that his going upon it was altogether unnecessary in the performance of his duties, and solely for his own convenience. Secondly, the appellant contends that it appears from the evidence that the appellee had been frequently warned not to go upon the elevator, on account of its being unsafe and liable to fall.

As a matter of course, if either of the foregoing proposi-

tions had been established, there could have been no recovery. As the evidence appears in the record, it seems to preponderate overwhelmingly in favor of the appellant on both propositions; but that is to no purpose here, since it can not be denied that, if full credit was given to the testimony of the appellee, there was at least some evidence which tended to sustain the finding and judgment. It was the province of the court and jury to accept the evidence of the appellee in preference to that of the other witnesses, and, having evidently done so, it is needless to repeat what has been so often said, that this court will not enter upon the task of weighing the evidence. It may be well enough to remark that this rule, which is entirely appropriate for, and the only one practically applicable in, an appellate tribunal, is not to be adopted or applied by the trial courts, in which opportunities are afforded the judges of observing the conduct of witnesses, and of obtaining possession of facts which can not possibly be conveyed to this court upon the record.

This court always presumes that the trial court has exercised its exclusive privilege of passing upon the weight of the testimony, and that, if the verdict had not been supported by the weight of the evidence, the court below would have unhesitatingly set it aside and granted a new trial.

All that this court can do is to look into the record for the purpose of ascertaining whether there is any competent evidence which fairly tends to support the finding; or, in a civil case, where the rule requires that the issue be supported by clear and convincing proof, and not simply by a preponderance of the evidence, this court will look into the evidence for the purpose of determining whether that rule has been disregarded. *Ford* v. *Osborne*, 12 N. E. Rep. 526.

The judgment is affirmed, with costs.

Filed Nov. 5, 1887.