STATE EX REL. CONNER *v.* PRITCHARD, JUDGE.

[No. 17,257. Filed April 21, 1944. Rehearing denied May 25, 1944. Transfer denied September 26, 1944.]

*Leo X. Smith* and *Claycombe & Stump,* all of Indianapolis, for relator.

*Armstrong & Gause,* of Indianapolis, for respondents.

CRUMPACKER, C. J.—On April 6, 1944, the relator filed a petition in this court for a writ of mandamus directing the respondent, as Judge of the Marion Superior Court, Room Four, to settle and sign the relator's bill of exceptions No. 3 tendered in a cause now pending in said court wherein one Edgar L. Jones is the plaintiff and said relator is the defendant and wherein an appeal from final judgment has been taken to this court. We thereupon issued an alternative writ ordering the respondent to settle and sign said bill of exceptions or show cause why he should not do so and to such writ the respondent filed a return on April 13, 1944.

The relator's petition alleges in substance that, on the 3rd day of January, 1942, the said Edgar L. Jones brought suit against him to recover damages for personal injuries resulting from an accident alleged to have been due to the sole fault of said relator. Said

suit was instituted in the Marion Superior Court, Room Four, and was tried in said court before the Hon. Walter Pritchard, the duly elected and qualified judge thereof, and a jury, on the 19th day of November, 1943, and on the 24th day of November, 1943, a verdict was returned for the plaintiff and against the relator in the sum of $5,000. On the 20th day of December, 1943, the relator filed a motion for a new trial in said cause which charged, as one of the grounds therefor, that the verdict of the jury is not sustained by sufficient evidence. Said motion was briefed and argued orally to the court, and in both his brief and argument the relator urged that it was the duty of the respondent, as the trial judge, to determine for himself whether the jury's verdict was supported by a preponderance of the evidence and, if not so supported, to sustain said motion. On February 8, 1944, the respondent over-ruled said motion for a new trial and on the same day wrote and mailed to the relator's attorneys of record the following letter:

"SUPERIOR COURT OF MARION COUNTY
"ROOM FOUR
"WALTER PRITCHARD, Judge
"INDIANAPOLIS, IND.

"February 8, 1944

"Kathleen Williams       B-26129
vs.
"Indianapolis Railways, Inc.

- - - - -

"Edgar L. Jones       B-18974
vs.
"Ernest L. Conner

"Dear Mr. Stump:
"The verdict of the jury in neither of cases was exactly the finding that I would have made had I tried the case as judge.

"However, the jury was instructed that it was the exclusive judge of the facts and of the credibility of the witnesses and the weight to be given their testimony. In both cases there was evidence, if believed, to support the verdict.

"It is not my province to set up my judgment against the judgment of the jury,—if there be evidence by which its verdict may not be overthrown,— or else the jury system would become a tedious waste of time, as the ultimate decision would rest with the court, anyway.

"The motion for new trial has been overruled in each of the cases, with thirty days given to file bond and sixty days for bill of exceptions. Bond is fixed at $5,100.00 in each case.

> "Very truly yours,
> "(Signed)    "Walter Pritchard
> "Walter Pritchard

"Mr. Albert Stump
"542 Consolidated Building
"Indianapolis, Indiana."

Within the time allowed therefor, the relator prepared his bill of exceptions No. 3 containing a copy of the above letter and the facts regarding the writing and mailing thereof and tendered the same to the respondent with the request that it be settled and signed and ordered filed as a part of the record of said cause, all of which said respondent refused and still refuses to do.

The respondent, by way of return to the alternative writ heretofore issued by this court, seeks to justify his refusal to settle and sign said bill of exceptions on the following grounds: (1) The contents of said bill constitute no part of the trial of said cause; (2) The letter involved was written subsequent to the ruling on the motion for a new trial and constitutes no part of any judicial opinion rendered by the respondent in connection with his ruling on said motion for a

new trial; (3) The matters contained in said bill are wholly immaterial to the determination of relator's rights on appeal; and (4) That said bill would be useless to relator if-signed and filed.

On April 17, 1944, the relator filed a written motion for judgment on the pleadings which motion is predicated on the theory that the above return, in effect, admits that the respondent overruled the motion for a new trial without weighing the evidence and determining whether the jury's verdict is supported by a preponderance thereof; that it joins no issue of fact and on the facts pleaded the law is with the relator.

It has long been the settled law of this State that when a motion for a new trial is grounded on the assertion that the verdict of the jury is not supported by sufficient evidence "the trial judge becomes the judge of the weight of the evidence, and, if, in his opinion the preponderance of the evidence is against the verdict so strong that he should have felt compelled to have found the other way, the law makes it his duty to grant the motion for a new trial." *Cincinnati, Hamilton and Indianapolis Railroad Co.* v. *Madden* (1893), 134 Ind. 462, 469, 34 N. E. 227. See also *Christy* v. *Holmes* (1877), 57 Ind. 314; *George H. Hammond & Co.* v. *Schweitzer* (1887), 112 Ind. 246, 13 N. E. 869; *Cleveland, etc., R. Co.* v. *Baker* (1921), 190 Ind. 633, 128 N. E. 836; *Borenstein, Admr.* v. *Uhl.* (1939), 107 Ind. App. 67, 20 N. E. (2d) 189; *State ex rel. Winslow* v. *Fisher, Clerk* (1941), 109 Ind. App. 644, 37 N. E. (2d) 280.

This court, however, will indulge the presumption that the trial judge, in overruling the motion for a new trial, performed his duty and weighed the evidence, unless there is something in the record which definitely discloses that he did not do so. *In-*

dianapolis, etc., Traction Co. v. Harrell (1922), 192 Ind. 188, 134 N. E. 871; Chicago, etc., R. Co. v. Rans (1927), 86 Ind. App. 300, 154 N. E. 876, 161 N. E. 656. It therefore becomes apparent that if the relator is to present to this court, on his appeal from the judgment rendered in Jones v. Conner, the question of the alleged failure of the respondent to weigh the evidence in considering the relator's motion for a new trial, the presence in the record of the letter set out in said bill of exceptions becomes important.

As we see it, the major question before us is whether the letter in controversy can properly be made a part of the record in said cause. If so, the relator's motion for judgment on the pleadings should be sustained and the respondent ordered to settle and sign the proffered bill of exceptions forthwith.

A bill of exception has been defined as "a formal statement, in writing, of exceptions taken to the opinion, decision or direction of a judge, *delivered during the trial of a cause,* setting forth the proceedings *on the trial,* the opinion given, and the exception taken thereto, and sealed by the judge in testimony of its correctness." (Our emphasis.) See Works' Practice, Vol. 2, § 2071, p. 615. This definition is quoted with approval in *Bowen* v. *The State* (1886), 108 Ind. 411, 414, 9 N. E. 378; *Galvin* v. *The State ex rel. Crouch* (1877), 56 Ind. 51, 56; *Schlungger* v. *The State* (1888), 113 Ind. 295, 297, 15 N. E. 269; *Everman* v. *Hyman* (1900), 26 Ind. App. 165, 171, 28 N. E. 1022. A trial includes all steps taken in a cause from the time it is submitted for trial until the rendition of final judgment. *Jenks* v. *The State* (1872), 39 Ind. 1; *Pitzer* v. *The Indianapolis, Peru and Chicago Railway Company* (1881), 80 Ind. 569; *Sturgeon* v. *Gray* (1884),

96 Ind. 166; *Lindley* v. *Kemp* (1906), 38 Ind. App. 355, 76 N. E. 798.

The letter which the relator now seeks to have incorporated, by bill of exceptions, in the record of the case of *Jones* v. *Conner* is not an "opinion, decision or direction of a judge, delivered during the trial," nor is it any part of the "proceedings on the trial" of said cause. It constitutes nothing more than an extrajudicial and, we may add by way of collateral observation, an extra-judicious comment on a ruling the respondent had previously made in a cause in which he had already entered final judgment. Had the expressions used in the letter been announced by the respondent by way of an opinion concurrent with his ruling on relator's motion for a new trial or by way of a judicial memorandum appearing in the files or minutes of the cause we would have, perhaps, a situation falling within the rule laid down inferentially in *Terrell* v. *Butterfield, Executor* (1883), 92 Ind. 1, and positively stated in *Davis* v. *Boston Ry. Co.* (1920), 235 Mass. 482, 126 N. E. 841; *Pheeney v. Malden Coal Co.* (1938), 300 Mass. 60, 14 N. E. (2d) 136; and *Pillow* v. *Long* (1939), 299 Ill. App. 542, 20 N. E. (2d) 896, to which cases we have been referred. The relator places great stress on our holding in the case of *State ex rel. Winslow* v. *Fisher, Clerk, supra,* but there "During the argument upon appellant's amended motion for a new trial, the court stated to the parties' counsel that 'the court, in considering the amended motion for a new trial, could not properly weigh the evidence in said cause for the reason that said cause had been tried by a jury and that for the court to weigh the evidence would amount to an invasion of the province of the jury.' Appellant then moved the court to weigh the evidence before ruling upon said amended motion for a new trial, and

this motion was overruled." This was all clearly a part of the proceedings in the trial of the cause, as the word "trial" has been defined by our courts, and occurred prior to, or at least concurrently with, the ruling on the motion. It is obvious that the Fisher decision cannot be considered·authority for bringing the extra-judicial statement of a trial judge made after final judgment into the record by way of bill of exceptions.

It appears to us that the relator seeks to have the respondent impeach his own ruling on the motion for a new trial in a manner analogous to a juror's affidavit impeaching his own verdict. If we were to give judicial sanction to the practice the relator seeks to invoke it would be possible for a trial judge to put error in a record any time before the period for filing a bill of exceptions had expired by the simple expedient of a statement to the effect that he had not weighed the evidence in considering and ruling on a motion for a new trial and this, perhaps, weeks after such ruling had crystallized by the expiration of the term in which it was made. We find it necessary to overrule the relator's motion for judgment on the pleadings and, as there is no issue of fact involved, we hold that the writ of mandamus heretofore issued herein is fully and completely discharged by the respondent's return.

NOTE.—Reported in 54 N. E. (2d) 283.