RIFE ETC. *v.* KARNS.

[No. 19,402. Filed March 27, 1962.]

Barrett, Barrett & McNagny, J. Michael O'Hara and J. A. Bruggeman, all of Fort Wayne, for appellant.

Campbell, Livingston, Dildine & Haynie, Thomas W. Yoder, both of Fort Wayne, Gates & Gates, Phil M. McNagny, Jr., both of Columbia City, and Donald R. Mote, of Wabash, for appellee.

RYAN, C. J.—The appellee, the plaintiff below, filed his complaint against the appellant, who was the defendant below, for alleged personal injuries arising out of an automobile collision. The cause was submitted to a jury, which returned a verdict in favor of the appellant and on which consistent judgment was entered. A motion for a new trial was filed by the appellee, which was sustained by the court. The appellant appealed under the authority of §2-3201 (b) Burns' 1946 Replacement (1961 Supp.) :

> "(b) A ruling or order of the court granting a motion for a new trial shall be deemed ■ to be a final judgment, and an appeal may be taken therefrom."

This particular section was enacted as part of the Acts of 1959, ch. 25, §1, and introduces a new mode of procedure into our appellate practice.

The appellant asserts as one of the specifications in the assignment of error that the trial court erred in overruling the defendant's motion to state the specific reasons for setting aside the verdict of the jury.

This is the first time this question has been presented to us under §2-3201 (b), Burns', supra. Accordingly the court has seriously considered the ■ matter and the conclusion which we have reached is that good practice requires the trial

court to state the reasons for its decision in writing when a motion for new trial is sustained. As stated in 66 C. J. S. New Trial §210, p. 533:

". . . even in the absence of statute or rule, or at least in the absence of express reference thereto, it has been held that the court should as a matter of better practice state the grounds for its decision, . . ."

Being a new procedure under which we have no governing precedent in this jurisdiction, we deem it advisable to impose such a requirement at this time to establish good practice and to further the orderly administration of justice.

The cause is therefore remanded with instructions to state in writing the reasons for the sustaining of the motion for a new trial.

Ax, Cooper, and Myers, JJ., concur.

NOTE.—Reported in 181 N. E. 2d 239.