NEWSOM *v.* THE PENNSYLVANIA RAILROAD
COMPANY ET AL.

[No. 19,356. Filed April 3, 1962.]

*Berry, Kincade & Allen,* of Terre Haute, for appellant Newsom.

*Bernard C. Craig,* of Brazil, for cross-appellant Chicago & Eastern Illinois Railroad Company.

*George C. Forrey III, White, Raub & Forrey,* of Indianapolis, and *Kenneth C. Miller,* of Brazil, for appellees.

Ax, J.—Appellant, plaintiff below, filed her complaint against appellees for alleged personal injuries which she claimed to have suffered when she was caused to fall on the floor of the Union Station in the City of Terre Haute by reason of the alleged negligence of the appellees in the maintenance of said floor. The cause was submitted to a jury, which returned a verdict in favor of appellant, assessing damages in the amount of $15,000.00, and on which consistent judgment was entered.

Separate motions for new trial were filed by each of said appellees and both motions were sustained by the court which entered the following order:

> "The court having heretofore examined the separate motions of defendants for new trial of this action and having heard oral argument thereon and having had said matter under advisement for ruling, now the court being advised sustains the separate motions of defendants for new trial of this action."

From the granting of the motions for new trial, appellant has appealed, assigning as her only error

that the trial court erred in sustaining the separate motions of appellees for a new trial.

The separate motions for new trial contained many specifications of error. Without a statement of the claimed error which the court below recognized as the reason for the granting of the motions for new trial, both the appellant and this court are faced with the arduous task of not only considering each and every specification of error claimed by the appellees in their separate motions for new trial, but any other possible error which may have occurred during the proceedings and which was not specified in the motions. As stated recently by this Court in the case of *Rife* v. *Karns* (1962), 133 Ind. App. 226, 181 N. E. 2d 239, "good practice requires the trial court to state the reasons for its decision in writing when a motion for new trial is sustained," and "we deem it advisable to impose such a requirement at this time to establish good practice and to further the orderly administration of justice."

Notwithstanding the fact that in the *Rife* case, *supra,* one of the specifications in the assignment of error was that the court erred in overruling the appellant's motion to state the specific reasons for setting aside the verdict of the jury, and in the case before us no such motion was made by the appellant before the court below, we nevertheless are of the opinion that good practice would dictate that the trial judge should so state his specific reasons for so doing.

The cause is therefore remanded with instructions to the trial judge to state in writing the reasons for the sustaining of the separate motions for new trial.

Ryan, C. J., Myers and Cooper JJ., concur.

NOTE.—Reported in 181 N. E. 2d 240.