RANS v. THE PENNSYLVANIA RAILROAD COMPANY.

[No. 19,429. Filed April 11, 1962. Rehearing denied July 5, 1962.]

*Arthur Metzler, Charles C. Campbell,* both of Rochester, *Kizer & Neu* and *Marshall F. Kizer,* of Plymouth, for appellant.

*Crumpacker, May, Beamer, Levy & Searer,* of South Bend, for appellee.

COOPER, J.—This appeal originated in the Fulton Circuit Court and comes to us from the granting of a motion for new trial under the provisions of §2-3201(b), Burns', 1961 Supplement, which reads as follows:

"A ruling or order of a court granting a motion for new trial shall be deemed to be a final judgment, and an appeal may be taken therefrom."

The record before us reveals that the action was brought by the appellant, Delbert R. Rans, Jr., plaintiff below, against the appellee herein, The Pennsylvania Railroad Company, to recover damages for alleged personal injuries sustained in a collision between the appellant's automobile and the appellee's

train at a railroad crossing in Kewanna, Fulton County, Indiana.

It appears that the issues were formed on a complaint in two paragraphs to which answer in denial and affirmance were filed by the appellee to each of the two paragraphs of the complaint. The appellee also filed two affirmative paragraphs of answer, the first alleging contributory negligence on the part of the appellant; the other alleging that the negligence of the appellant was the sole and proximate cause of the injuries suffered.

The appellant filed a reply in denial to the affirmative paragraphs of answer. The cause was submitted to a jury which returned a verdict in favor of the appellant, assessing the appellant's damages in the sum of Sixty Five Hundred ($6500.00) Dollars.

It also appears within the thirty-day statutory period after the verdict of the jury, the appellant filed the following motion for a new trial, the pertinent parts being as follow:

"The Defendants in the above entitled cause move for a new trial herein on each of the following grounds:

"1. The Court erred in over-ruling the defendant's motion to strike rhetorical paragraphs 3 and 4 of PARAGRAPH ONE, and rhetorical paragraph 3 of PARAGRAPH TWO, of the plaintiff's complaint.

"2. . . . (Waived)

"3. . . . (Waived)

"4. That the damages *assed* by the jury are excessive.

"5. The verdict of the jury is not sustained by sufficient evidence and is contrary to law.

"6. . . . (Waived)

"7. The Court erred in over-ruling the defendant's motion for a directed verdict in its favor at the conclusion of all the testimony in the case.

"8. The Court erred in giving each of the Instructions Numbered 1, 2, 9, 15 and 16, asked by plaintiff and objected to by defendant.

"9. The Court erred in refusing to give Instruction No. 7, asked by defendant.

"WHEREFORE, the defendant prays the Court for a new trial of said cause."

Thereafter, the trial court sustained the appellee's motion for a new trial, and this appeal followed.

The trial court's judgment was: "Defendant's motion for new trial, heretofore filed June 17, 1959, is now submitted and sustained."

The assigned error is (1) the court erred in granting the appellee's motion for a new trial; (2) the court erred in sustaining appellee's objection to the filing of a verified petition by appellant to require the court to state in writing the reason it orally stated as the reason for sustaining appellee's motion for a new trial.

It is a general principle of law and we do not deem it necessary to cite authority for the proposition that if the trial court was right in sustaining the motion for a new trial for any reason, we would be compelled to necessarily affirm his action.

The procedure we are compelled to follow under the situation as is now before us is new, and we find no rule or prior precedent of the Supreme Court which outlines such procedure before an appellate tribunal under such circumstances; however, in the recent cases of *Rife* v. *Karns* (1962), 133 Ind. App. 226, 181 N. E. 2d 239, and *Newsom* v. *Pennsylvania R. R.*, (1962), 133 *Ind. App.* 582, 181 N. E. 2d 240, this court held in discussing procedure under §2-3201(b) Burns', 1961 Supplement: " . . .

good practice requires the trial court to state the reason for its decision in writing when a motion for new trial is sustained" and " . . . we deem it advisable to impose such a requirement at this time to establish good practice and to further the orderly administration of justice."

We have reviewed the record now before us with reference to the appellee's motion for a new trial and we are unable to conscientiously say, as a matter of law, that we think the trial court's action was proper with respect to any of the specifications of said motion.

It appears from the record that the appellant herein attempted to file a verified petition to require the trial court to state in writing the reason the court gave orally for sustaining the appellee's motion for a new trial.

The record reveals that the appellee objected to the filing of said petition which set forth the statement made orally by the court, and also the plaintiff ■ tendered to the court his Special Bill of Exceptions #1 which was attached to said petition and made a part thereof. The court sustained said objection. We believe this was an abuse of judicial discretion.

. It is apparent the rights of the plaintiff were abridged by the adverse ruling on his offer and tender of a Special Bill of Exceptions for the court's signature so that the same could be made a part of the record.

Here, in the record before us, the statement, or opinion of the trial judge complained of is not only asserted to have been made in the presence of the trial court, it is asserted the trial judge himself made the statement.

Under Rule 2-3 of our Supreme Court, we find the following provision:

" . . . Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, be signed by the judge and filed with the clerk, which filing may be evidenced by an order book entry or the clerk's certificate. . . . "

The foregoing provision is mandatory.

Our court, in discussing bills of exception relating to trial in the case of *State ex rel. Conner* v. *Pritchard, Judge* (1944), 115 Ind. App. 55, at 60, 54 N. E. 2d 283, made the following statement:

"A bill of exception has been defined as 'a formal statement, in writing, of exceptions taken to the opinion, decision or direction of a judge, *delivered during the trial of a cause,* setting forth the proceedings *on the trial,* the opinion given, and the exception taken thereto, and sealed by the judge in testimony of its correctness.' (Our emphasis.) See Works' Practice, Vol. 2, §2071, p. 615. This definition is quoted with approval in *Bowen* v. *The State* (1886), 108 Ind. 411, 414, 9 N. E. 378; *Galvin* v. *The State ex rel. Crouch* (1877), 56 Ind. 51, 56; *Schlungger* v. *The State* (1888), 113 Ind. 295, 297, 15 N. E. 269; *Everman* v. *Hyman* (1900), 26 Ind. App. 165, 171, 28 N. E. 1022. A trial includes all steps taken in a cause from the time it is submitted for trial until the rendition of a final judgment. *Jenka* v. *The State* (1872), 39 Ind. 1; *Pitzer* v. *The Indianapolis, Peru and Chicago Railway Company* (1881), 80 Ind. 569; *Sturgeon* v. *Gray* (1884), 96 Ind. 166; *Lindley* v. *Kemp* (1906), 38 Ind. App. 355, 76 N. E. 798."

The statement or opinion made by the trial judge was clearly a part of the proceedings of the trial of this cause as the same occurred concurrently with the court's ruling on the motion for a new trial. See the definition of the word "trial"

in the foregoing case. Under the afore-cited authorities, we believe it was incumbent upon the trial judge to sign said Special Bill of Exception, if true, and, if not true, he should have corrected the same, signed it and caused it to be filed without delay.

Cause remanded, with instructions to permit said petition to be filed, and if the Special Bill of Exception attached thereto is found to be correct, to sign the attached Special Bill of Exception, and if not true, correct the same and make the same a part of the record in this cause.

Ax, J., Myers, J., Ryan, C. J., concur.

### ON PETITION FOR REHEARING

COOPER, P. J.—This matter is now before us on the appellee's petition for rehearing.

In the foregoing cause we have not rendered a final opinion adverse to the appellee or to the appellant; we have merely remanded this cause to the trial court with certain instructions, and when said instructions are carried out, we will be better able to render justice under the law in said cause.

Petition for rehearing is hereby denied until after final determination.

NOTE.—Reported in 181 N. E. 2d 644. Petition for rehearing denied 184 N. E. 2d 37.