HARMON *v.* ARTHUR.

[No. 19,618. Filed April 25, 1963.]

*Dix, Dix, Patrick & Ratcliffe* and *D. Joe Gabbert,* both of Terre Haute, for appellant.

*N. George Nasser,* of Terre Haute, and *George Taylor,* of Sullivan, for appellee.

RYAN, J.—The appellee, who was the plaintiff below, filed his complaint for alleged personal injuries against the appellant, defendant below. The cause was submitted to a jury, and the jury returned a verdict in favor of the appellant, defendant below. Consistent judgment was rendered thereon; a motion for a new trial was filed by the appellee, and such motion for a new trial was sustained by the court. Appellant now appeals under the authority of §2-3201(b), Burns' 1946 Replacement, 1962 Supplement.

We have heretofore established the requirement that in sustaining a motion for a new trial the trial court must state in writing its specific reasons for granting such new trial. *Rife* v. *Karns* (1962), 133 Ind. App. 226, 181 N. E. 2d 239; *Newsom* v. *Pennsylvania Railroad Co. et al.* (1962), 133 Ind. App. 582, 181 N. E. 2d 240; *Rans* v. *The Pennsylvania Railroad Co.* (1962), 133 Ind. App. 592, 181 N. E. 2d 644; *Bailey* v. *Kain* (1963), 134 Ind. App. 238, 187 N. E. 2d 366.

In this particular instance, the trial court, while not required to do so at the time, did state in a very general way the reasons for granting the motion for a new trial. However, since the procedure had not been established at the time the court did so, and in fairness to the parties and the court, we feel that the matter should be referred back to the trial court with instructions to enter upon the trial docket within the next thirty (30) days a statement in writing setting forth with particularity the specific reasons upon which the trial court based its decision to sustain the motion for a new trial.

Upon such entry, the clerk of the trial court shall enter the same in the proper order book and certify a copy with the appropriate clerk's certificate to the clerk of this court. Such statement, when certified and received by the clerk of this court, shall become a part of the record in this cause.

Cooper, C. J., and Carson and Clements, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 719.