144 Ind. App. 444 (1969)
246 N.E.2d 776
SINGH
v.
INTERSTATE FINANCE OF INDIANA NO. 2, INC.
No. 568A79.
Court of Appeals of Indiana.
Filed April 29, 1969.
*445 Norman P. Metzger, of Fort Wayne, for appellant.
Ralph R. Blume, Thomas M. Hafner, Nieter, Smith, Blume, Wyneken & Dixon, all of Fort Wayne, for appellee.
No petition for rehearing filed.
COOPER, J.
This appeal comes to us from the Superior Court of Allen County, wherein the trial court entered a summary judgment against the appellant herein.
The record now before us reveals that the appellee herein filed a complaint against the appellant alleging the failure to make payments according to the terms of a contract entered into by the appellant and the appellee's assignor at the time appellant purchased an automobile. Appellee also alleged that when appellant failed to make payment, appellee repossessed the automobile and sold the same at public sale, according to the terms of the contract and the provisions of the statutes of the State of Indiana. After crediting appellant's account with the net proceeds of the sale, there remained a deficiency of $362.64, and that appellant refused to pay said balance due on said contract.
Thereafter, appellant filed an answer denying the allegation that he failed to make payments according to the terms of the contract and stating that he had no information as to the public sale and the amount due under the contract.
Appellee then filed a motion for summary judgment pursuant to Burns' Ind. Stat. Anno. (1968 Repl) Sec. 2-2524, alleging *446 therein that the facts stated in the pleadings and the affidavit filed on behalf of the appellee entitled the appellee to a summary judgment as a matter of law.
Appellant filed an affidavit setting out therein certain facts which appellant alleged were in dispute.
The appellee's Affidavit in Support of Motion for Summary Judgment reads as follows:
"H.J. Trimble, being first duly sworn upon his oath deposes and says:
"1. That he is plaintiff's Manager, and makes this Affidavit in support of plaintiff's Motion For Summary Judgment.
"2. That affiant knows defendant executed the Contract or Security Agreement on which plaintiff basis (sic) its suit; that a copy of said Contract or Security Agreement is attached hereto, made a part hereof and marked Exhibit `A'.
"3. That plaintiff is a holder of said Contract or Security Agreement in due course and for value by assignment thereof from the contract seller identified in Exhibit `A'.
"4. That defendant paid, per the terms of Exhibit `A' the sum of $96.34, and subsequently defaulted in the payments as set forth leaving a total balance due of $770.72.
"5. That plaintiff reclaimed possession of the personalty which is the subject matter of Exhibit `A' on the 11th day of October, 1960.
"6. That plaintiff notified defendant of its intent to sell said personalty to the highest bidder on the 28th day of October, 1960, at 10:00 A.M., said sale to be held at the location set forth in the notice; that a copy of said notice is attached hereto, made a part hereof and marked Exhibit `B'.
"7. That said personalty was sold on the date and at the time and place specified in the said notice; that plaintiff applied the proceeds of said sale to the above described balance due from defendant as above set forth.
"8. That plaintiff incurred $0 expense in regaining possession of said personalty and preparing and advertising *447 same for the sale herein above described; that said expense was necessarily and reasonably incurred and expended by plaintiff to enable plaintiff to conduct said sale in a reasonable commercial manner.
"9. That plaintiff has credited defendant with the refund of unearned finance and insurance charged in the sum of $388.08; that there are no further credits owing to defendant from plaintiff.
"10. That plaintiff has made demand on defendant for the balance due under the terms of Exhibit `A' herein and subject to those credits given defendant as set forth above, said demand for the balance due being in the sum of $362.64; that defendant refused to pay said balance due.
"11. That attached hereto, made part hereof and marked Exhibit `C' is the ledger record pertaining to the transaction here involved.
"12. That the denial and refusal of defendant was wrongful and false; that the facts stated herein are true."
The appellant's Reply Affidavit Opposing Motion for Summary Judgment, reads as follows:
"David Singh, being duly sworn, states that he is the defendant in the above entitled action; that he makes this affidavit in opposition to plaintiff's motion for summary judgment herein; that he has personal knowledge of the facts herein set forth.
"1. That he has a good and valid defense to plaintiff's complaint because (a) defendant had paid the October 8, 1960 installment of the conditional sales contract entered into on July 8, 1960, between Johnson Auto Sales and Mr. David Singh, and later assigned by Johnson Auto Sales to Interstate Finance of Indiana No. 2, Ind., and (b) defendant was incarcerated at the time the plaintiff repossessed Mr. David Singh's 1955 Chevrolet Sedan and thereby was unable to prevent the repossession that occurred on October 11, 1960, only three (3) days after the due date, (c) defendant was told on or about October 14, 1960, by an agent of the plaintiff that the defendant's 1955 Chevrolet Sedan had been sold by them, but as shown by the plaintiff's own exhibits, the said automobile was sold at a public auction on October 28, 1960, (d) defendant never received the notice of sale made by the plaintiff which offered the said automobile for sale at public auction on October 28, *448 1960, and (e) even if the defendant had defaulted on the October 8, 1960, installment of said conditional sale contract, plaintiff had waived his rights for strict performance under the contract to repossess said automobile by accepting the August 8, 1960, installment and September 8, 1960, installment, on dates past the due date, August 9, 1960, and September 15, 1960, respectively.
"2. Affiant further states that he has examined the exhibits of the plaintiff attached to the plaintiff's affidavit therein. The affiant states that the exhibit which records the receipt of payment of each installment shows Mr. David Singh as being employed by Seyfert Food Co. Presumably, used as an exhibit was kept at a time contemporaneous with the payments made in 1960. The defendant states that he became an employee of Seyfert Food Co. of Fort Wayne only in the month of April, 1966, and thereby questions the credibility of such an exhibit.
"3. Affiant further states that the plaintiff's motion for a summary judgment is neither correct on the facts or the law in the amount of money demanded in the complaint as the deficiency remaining after crediting the defendant's account with the proceeds of the sale, unearned finance charges, and charges made in the original contract for insurance on the automobile."
It appears that the trial court, after having had the matter under advisement, sustained the appellee's motion for summary judgment and entered the following judgment:
"Having had plaintiff's motion for summary judgment under advisement, the Court now sustains said motion.
"And the Court being duly advised in the premises, now finds for the plaintiff, and that there is due said plaintiff from the defendant, the sum of Five Hundred Forty Three and 96/100 ($543.96) Dollars, together with the costs of this action as herein laid out and expended.
"It is therefore, ordered, adjudged and decreed by the Court that the said plaintiff, Interstate Finance of Indiana No. 2, Inc., have and recover of and from the defendant, David Singh, the said sum of Five Hundred Forty-Three and 96/100 ($543.96) Dollars, together with the costs of this action."
In reviewing the summary judgment statute, Burns' Ind. *449 Stat. (1968 Supp.) Sec. 2-2524, we note that clause (c) provides:
"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ..."
This makes it necessary, as a matter of law, for the trial court to make an affirmative finding that there is no genuine issue as to any material fact undetermined between the parties, before it can render a summary judgment. The trial court's finding as hereinabove set out, does not contain this necessary finding.
In the recent case of Harris v. Young Women's Christian Assn. of Terre Haute (1968), 250 Ind. 491, 237 N.E.2d 242, at p. 246, C.J. Lewis, in speaking for the Court stated:
"While there seems to be no Indiana case law requiring the Trial Court to specify in writing its reasons for granting a summary judgment, there are numerous judgments requiring a court to explicitly set out its reasons for granting a motion for a new trial. Rife v. Karnes (1962), 133 Ind. App. 226, 181 N.E.2d 239; Newson v. Pennsylvania Railroad Co. et al. (1962), 133 Ind. App. 582, 181 N.E.2d 240; Bailey v. Kain (1963), 134 Ind. App. 238, 187 N.E.2d 366; Harmon v. Arthur (1963), 134 Ind. App. 526, 189 N.E.2d 719.
"In Newsom v. Pennsylvania Railroad Co. et al. (supra), the following statement may be helpful:
`The separate motions for new trial contained many specifications of error. Without a statement of the claimed error which the court below recognized as the reason for the granting of the motions for new trial, both the appellant and this court are faced with the arduous task of not only considering each and every specification of error claimed by the appellees in the separate motions for new trial, but any other possible error which may have occurred during the proceedings and which was not specified in the motions.... "good practice requires the trial court to state the reasons for its decision in writing when a motion for new trial is sustained," ...'

*450 "This Court amended its adopted Rule 2-6 providing that a motion for new trial is not a proper pleading after the entry of summary judgment. This amendment to Rule 2-6 reads as follows:
`The Court being duly advised in the premises, now amends Rule 2-6 by adding thereto the following paragraph:
Provided, however, a motion for a new trial shall not be appropriate for raising error claimed by reason of the entering of a summary judgment. The sustaining of a motion for summary judgment and the granting of the same may be assigned and specified separately in the assignment of errors for consideration on appeal.
Provided further, however, that in all cases prior to the effective date of this amendment, where a motion for a new trial has been filed following a summary judgment, the parties to said action shall have the same time within which to file a transcript and assignment of errors for appeal as in those cases where a motion for a new trial is proper, and the alleged error if set forth and specified in the motion for a new trial will be considered on appeal.
Approved this 22nd day of April, 1968.'
"The case at bar points up all of the compelling reasons for the trial judge specifying in any entry of summary judgment the grounds upon which such judgment is entered. Certainly there are all of the persuasive reasons for specifying the grounds of summary judgment that we would find on the ruling for a motion for new trial.
"In the case before us this Court or the Appellate Court is entitled to have the court below set out the reason for the granting of the motion for summary judgment."
Thus it is clear that the law requires the trial judge to state with particularity his reasons for granting a summary judgment. This, the trial judge in the instant case failed to do.
In the case now before us, it affirmatively appears that there are genuine disputes as to the facts, and that those facts should have been determined at a trial by a court or jury after having heard the evidence, and not determined summarily by the Court.
*451 By reason of what we have heretofore stated, this cause is reversed with instructions to the trial court to reconsider the Motion for Summary Judgment in light of this opinion and to rule on said Motion in a manner consistent with this opinion.
Lowdermilk, P.J., Carson and Sullivan, JJ., concur.
NOTE.  Reported in 246 N.E.2d 776.