Marvin H. Huffman et ux. v. Harold McKinney, et ux.

[No. 371A44. Filed February 24, 1972.]

*John M. Lewis,* of Seymour, for appellants.

*Bruce Markel, Jr.,* of Brownstown, for appellees.

Lowdermilk, J.—The plaintiffs-appellants in this cause, in August of 1965, filed their complaint for an injunction alleging that the defendants-appellees, without right, shortly before the action was filed entered upon the real estate of the appellants and set a certain fence in a line approximately five feet inside the boundary line of the appellants' real estate.

The appellees, by counsel, filed answer, closing the issues. Trial was had by the court and at the conclusion of the appellants' evidence the court sustained a motion for finding for plaintiffs, and granted judgment as follows:

"Comes now the parties, by their counsel of record, and the plaintiffs having heretofore filed their motion for a finding in favor of plaintiffs, which motion reads as follows, (HI), and the arguments of counsel are now had; and the Court having considered said motion, the arguments of

counsel, and being duly advised in the premises, sustains said motion and grants to the plaintiffs a finding in their favor.

"And the Court now finds that the plaintiffs are entitled to an injunction perpetually enjoining the defendants, and each of them, and all persons claiming by, through and under them, or either of them, from taking possession of, or attempting to take possession of, the real estate described in the complaint herein, and from further placing any obstructions thereon, or in any manner, interfering with the use or occupation of said described real estate by the plaintiffs, or either of them.

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Court that the defendants, Harold McKinney and Oguerita McKinney, and each of them, be, and they are hereby, perpetually enjoined from taking possession of, or attempting to take possession of the real estate described in the complaint herein, as the same is occupied by the plaintiffs, and each of them, and the said defendants, Harold McKinney and Oguerita McKinney, and each of them, are hereby perpetually enjoined from placing any obstructions thereon, or in any other manner, interfering with the use and occupancy of said described real estate by the plaintiffs, Marvin H. Huffman and Florence R. Huffman, or either of them.

"IT IS FURTHER ORDERED that plaintiffs recover of and from defendants their costs herein, laid out and expended and taxed at $———.

"So ordered and judgment accordingly this 13th day of December, 1965."

On January 12, 1966, the defendants-appellees filed a motion for a new trial.

On September 11, 1969, the motion for new trial was overruled. On September 22, 1969, the court made an entry as follows, to-wit:

"On defendants oral motion to reconsider, the entry of 11 September 1969 is set aside pending oral argument herein."

On December 30, 1970, without argument and without giving reasons therefor, the court granted a new trial.

The plaintiffs-appellants timely filed a praecipe for transcript for an appeal under Supreme Court Rule AP 2 (A) and pursuant to AP 7.2 (B).

Plaintiffs-appellants set forth and argue with great ardor three specifications, each of which they contend was reversible error, namely:

1. That the trial court lost jurisdiction of this cause, preventing the granting of the motion for new trial on December 30, 1970, for the reason it was in a subsequent term to the original judgment of December 13, 1965.

2. That the defendants-appellees' motion for new trial offered no basis for a new trial in that it was totally defective to present for review the purported ground attempted to be stated therein.

3. That the action of the trial court, in granting the motion for new trial, became a nullity when the trial court failed to specifically state his grounds for granting such new trial (the trial court not now being available to certify his grounds therefor, thus alleviating the possibility that this cause could be remanded to the trial court so that such specific grounds could now be certified to this court.)

This court takes judicial notice of the fact that the honorable trial judge who heard this cause of action is no longer judge of the Jackson Circuit Court and that Robert R. Brown is now the duly elected, qualified and acting judge of that court.

In the case of *Wildwood Manor, Inc.* v. *Gary National Bank* (1970), 146 Ind. App. 296, 255 N. E. 2d 128, the trial judge granted plaintiff's motion for new trial as to Paragraph 2 of its complaint. Thereafter, the appellant filed a motion requesting the court to reduce to writing the reasons for granting the new trial.

This court, in holding that it was necessary for the trial court to reduce to writing its reasons for granting a new trial,

did so under authority of the case of *Harmon* v. *Arthur* ■ (1963), 134 Ind. App. 526, 189 N. E. 2d 719, wherein this court, in discussing the necessity for the trial court to set out its reasons for granting a new trial said:

"We have heretofore established the requirement that in sustaining a motion for a new trial the trial court must state in writing its specific reasons for granting such new trial. *Rife* v. *Karns* (1962), 133 Ind. App. 226, 181 N. E. 2d 239; *Newsom* v. *Pennsylvania Railroad Co. et al.* (1962), 133 Ind. App. 582, 181 N. E. 2d 240, * * *"

This court, in the case of *Landers* v. *McComb Window and Door Co.* (1969), 145 Ind. App. 38, 248 N. E. 2d 358, 362, said:

"In granting a motion for a new trial, the trial Judge is obligated to set forth his reasons for granting the same." [Citing cases.]

Such holdings as the two above cited cases are in agreement with Indiana Rules of Procedure, effective January 1, 1970, TR 59 (E) (1) through (7) both inclusive:

"(E) Relief granted on motion to correct errors. The court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the issues:

(1) grant a new trial;

(2) enter final judgment;

(3) alter, amend, modify or correct judgment;

(4) amend or correct the findings or judgment as provided in Rule 52 (B);

(5) * * *

(6) * * *

(7) in reviewing the evidence, the court shall grant a new trial . . . or if the court determines that the findings and judgment upon issues tried without a jury . . . are against the weight of the evidence.

. . . If corrective relief is granted, the court shall specify the general reasons therefor. When a new trial is granted

because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the finding shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence."

This court and our Supreme Court has, in many instances, remanded causes appealed to this or the Supreme Court to the *nisi prius* court with instructions for the trial judge to set out, in writing, his reasons (and if need be, his special findings of fact) for granting a motion for new trial and return the same to this or the Supreme Court.

Such practice expedites the handling of the work in all courts, and tends to avoid further litigation and expense to the litigants, as well as to conserve time in the trial court and in the appeals courts.

We have heretofore stated in this opinion that the able trial judge is no longer available in a capacity which would permit him to set out the grounds and reasons for which he granted a new trial; therefore, we cannot remand this cause to the trial court for that purpose and are confronted with the fact that we have no choice under such circumstances other than to reverse the decision of the trial court for his failure to set forth the grounds for granting the motion for new trial, as required by the Rules of our Supreme Court, *supra.*

Having heretofore determined that the trial court erred in failing to state his reasons in writing for granting the motion for new trial and that it would avail nothing to remand the cause to the trial court with an order to set out such reasons for the reason that the able judge who tried

this cause is no longer available as a Circuit judge in Jackson County to set out such reasons, we shall not remand this cause for that purpose.

This court having determined that the trial court committed reversible error in one of the specifications relied upon by the plaintiffs-appellants we are not required to discuss other specifications in plaintiffs-appellants' brief. *Selner* v. *Fromm* (1969), 145 Ind. App. 378, 251 N. E. 2d 127; *Bd. of Comm. of Co. of Vanderburgh* v. *Flowers* (1964), 136 Ind. App. 597, 201 N. E. 2d 571; *Finney* v. *L. S. Ayres & Co.* (1965), 137 Ind. App. 430, 207 N. E. 2d 642.

For the reasons hereinabove stated this cause is by this court reversed and the cause is remanded to the Jackson Circuit Court with instructions to the present judge thereof to enter an order reversing the order of December 30, 1970, granting the motion for new trial and reinstating the judgment of the court entered December 13, 1965.

Hoffman, C.J., and Lybrook, J., concur.

NOTE.—Reported in 278 N. E. 2d 325.